OIL MEN'S RECIPROCAL ASSOCIATION V. D. C. HARRIS ET AL.

No. 4637.   Decided December 1, 1926.
(288 S. W., 809).

**Employer's Liability Act—Application for Award of Lump Sum—Rejection by Accident Board—Right to Sue.**

An injured employe insured under the Employer's Liability Act applied to the Industrial Accident Board for an award of a lump sum as compensation.   The Board advised him that his application was denied as not showing him entitled to such lump sum compensation, suggesting that he seek it in other form.   He gave notice of refusal to abide by the decision, and sued and recovered in the District Court.   *Held,* that the action of the Board was a final rejection of his application as made, and he was entitled to sue therefor in the courts.   (Pp. 249-253).

Question certified from the Court of Civil Appeals for the First District, in an appeal from Galveston County.

The Supreme Court referred the question to the Commission of Appeals, Section B, for their opinion thereon, which is adopted and certified as the answer of the court. A motion for rehearing, also referred to the Commission of Appeals, was, on their recommendation, overruled.

*Mart H. Royston* and *H. F. Montgomery,* for appellant.

The right to sue in cases arising under the Workmen's Compensation Laws of Texas, is by way of an appeal, and until final decision is rendered by the Industrial Accident Board, there is nothing from which an appeal can be prosecuted, and until a final judgment, decree or award is entered by the Industrial Accident Board, the courts are without jurisdiction to entertain such suits. Art. 5246-42-43-44, Acts 1917, Vernon's Civ. Stats.; Employers Indemnity Corp. v. Woods, 243 S. W., 1085; Hood v. Texas Employers' Ins. Assn., 260 S. W., 243; Insurance Assn. v. Roach, 222 S. W., 161; Farris v. U. S. Fidelity & Guaranty Co., 251 S. W., 615; Millers Indemnity Underwriters v. Hayes, 230 S. W., 835, 240 S. W., 906; Millers Indemnity Underwriters v. Hughes, 256 S. W., 334; Texas Employers Ins. Assn. v. Pierce, 230 S. W., 873.

The uncontradicted evidence was to the effect that the plaintiff had not sustained a permanent incapacity to labor and was not disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment. Bishop v. Millers Indemnity Underwriters, 254 S. W., 411; Stowell v. Texas Employers Ins. Assn., 259 S. W., 317; Texas Employers Ins. Assn. v. Shilling, 259 S. W., 238.

*Geo. C. Clough* and *Thos. C. Turnley,* for appellees.

On lump sum claims: Vernon's Stats., 1920, Arts. 5246-33; Acts 1917, p. 429, Part 1, Sec. 15; Acts 1917, Chap. 103, Part 1, Sec. 15. On appeals from actions of Board: Vernon's Stats., 1920, Art. 5642q; Acts 1917, Chap. 103, Part 2, Sec. 5. The action of the Board is a rejection of the claim: Southern Surety Co. v. Hendley, 226 S. W., 455; Cobb v. Norwood, 11 Texas, 555.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

The case is before us upon certified question from the First District as follows:

"The question herein certified arises out of the following facts appearing from the record in this cause:

"Within due time after proper notice, the appellee Harris filed his petition with the Industrial Accident Board, advising it that he had been accidentally injured while in the course of his employment as a laborer for the Texas City Sugar Refining Company, a subscriber under the Employer's Liability Act, of which the appellant, Oilmen's Reciprocal Association, was the insurer; that his injuries consisted of having three fingers of his right hand so mashed in a washing machine as to result in the entire loss of the use of that hand and arm, thereby totally and permanently incapacitating him from pursuing his former vocation of a common laborer, in which the use of both his hands and arms was indispensable. While he did not state that he and the insurer had been unable to agree as to compensation, he further alleged in substance, that the weekly payments due to him from it were wholly insufficient to maintain himself and his family; that he was without funds, had no property, was a common laborer depending upon his hands for a livelihood, and that to deny him a lump sum settlement would work a hardship and injustice upon him and his family; he prayed that his petition be heard, that he be given a lump-sum settlement equal to 60% of his average weekly wages for 401 weeks, or $5,052.60, and 'such other and further orders, judgments, and decrees, as he was entitled to under the facts and the law.'

"The Board received, filed, and considered this application, taking the action upon it reflected in the following official letter to his attorney of record:

'August 2, 1924.

'J-15632

'In re: D. C. Harris vs. Texas Sugar Refining Company.

'Thos C. Turnley, Esq.,

'Attorney at Law, Galveston, Texas.

'Dear Sir:

'I am directed by the Board to advise that your request for a hearing on lump sum settlement is denied, for the reason that this claim does not come within the classification of the lump sum settlement as provided for in Sec. 15, Part 1, of the Act. If you will bring your petition under the proper provisions of the Act—Sec. 15-A, Part 1—and show cause for reduction of the period and corresponding increase of the amount of weekly

payments, the Board will likely give the application such consideration as it merits.

'Yours very truly,
'Industrial Accident Board,
'By_____'_____
'Secretary.'

"Thereupon, and again within due time and after proper notice that he would not abide by this action of the Accident Board, the appellee filed this suit in court, again in like manner setting up all the facts, alleging that the Board had made a final ruling refusing to grant his application for a lump sum settlement, and seeking the same at the hands of the court, praying there as follows:

" 'Wherefore, premises considered, plaintiff prays for citation against the defendant in the terms of the law; and that on final hearing hereof he have judgment against the defendant, requiring it to make a lump sum settlement to him on account of his injuries as hereinbefore stated; that he have judgment against the defendant for the sum of $13.44 per week for a period of 401 weeks, to be paid however in one lump sum, or to-wit: the sum of $5,389.44; and plaintiff prays for all such other and further relief as he might be hereunto entitled at law or in equity and will ever pray, and including costs of court.'

"Appellee was injured June 18, 1924. Notice of injury was received by Industrial Accident Board June 20, 1924. Appellant's report of initial payment of compensation was received by Industrial Accident Board July 8, 1924. Appellee's application was filed with the Board July 24, 1924, and the Board's action thereon as reflected in its letter to appellee's attorney of record, which was copied in our original certificate, was taken on August 2, 1924.

"A trial of the cause in the district court of Galveston County resulted in a judgment in favor of the appellee for a lump sum of $2,069.50, as the present value of 60% of his average weekly wages for 150 weeks. From that judgment the insurer has taken an appeal to this court.

"Because of doubt about the matter here, we deem it advisable to propound for your answer this question:

"Was this action taken thereon by the Industrial Accident Board such a final ruling and decision in the cause as conferred jurisdiction upon the District Court to entertain it?"

Accompanying this certificate is a certified copy of an opinion of the Court of Civil Appeals in which the question propounded is correctly decided to the effect that such action by the Indus-

trial Accident Board was such final ruling and decision as to authorize an appeal to the District Court.  In that opinion it is said:

"Under the circumstances no reason occurs for not holding this to be a final ruling and decision of the Board in the matter; the only claim presented to it was one for a lump sum settlement based on the averments that the claimant was totally and permanently incapacitated, without other means of sustenance, and that its refusal under those conditions would entail hardship upon him and his family; a hearing upon this was denied under a further detmination that it was not of the class in which lump sum settlements were allowable; a suggestion was even added that a different procedure be instituted.  The appellee was thus as effectually and finally denied the only relief he sought as if a final judgment to that effect had been entered of record and service of a copy thereof had upon him; no such authority was vested in the Accident Board, as the trial court in effect rightly held.  * * * If, however, it should be said that the Board's course in this instance amounted to no more than a refusal to act upon the claimant's application one way or the other, then we see no good reason for not applying to it the rule our Supreme Court announced in 11 Texas, 555, with reference to the refusal of an administrator of an estate to either approve or refuse a claim against it as follows:  'The refusal of an administrator or executor to endorse on a claim when presented, the refusal or allowance of the same amounts to a refusal to allow and will authorize the commencement of a suit against such administrator.' "

The facts stated in the certificate, more specifically the letter from the Industrial Accident Board by its secretary, would indicate that the Board had considered the appellee's application for a lump sum settlement and had denied the same upon the merits, that is, holding "that this claim does not come within the classification of the lump sum settlement as provided for in Sec. 15, part 1, of the Act."  This interpretation is strengthened by the fact recited in the certificate that "the Board received, filed, and considered this application."  So that, if this interpretation of the certificate be accepted, and we think it should be, there can be no doubt that the action of the Board was final in every respect.  The holding of the Board is not tantamount merely to the sustaining of a demurrer to the petition, but rather it denies the applicant's request for a lump sum settlement, which, of course, being all the relief sought by him, effectually puts him out of court, with no recourse but to appeal. But, if the action of the Board should be held to be tantamount

to sustaining a demurrer, whether general or special, yet, the order going further and refusing the relief sought, by denying the lump sum settlement, just as effectually decided appellees' rights as the same could have been done after the fullest hearing on the merits. A judgment, order, or decree is final when it terminates the then pending suit or proceeding in such manner as to put it out of the power of the court making the same, after the expiration of the term, to place the parties in their original condition; one that disposes of all the issues so that there remains nothing more for the court to do to ascertain the rights of the parties; one that leaves nothing to be judicially determined, but which settles the rights of the parties under the issues made by the pleadings or disposes of the cause and places the parties out of court. It is not required, to be final, that the adjudication actually be upon the merits of the case, provided the decision does in effect preclude the court from a further consideration of the rights of the parties, and puts an end to the then controversy. A judgment of dismissal, upon sustaining a demurrer, is as effectual to put a plaintiff out of court as the most formal judgment upon the facts after hearing evidence. It is true the mere sustaining of a demurrer without a further order disposing of the case would not be such judgment. The plaintiff would be entitled, if he could, to amend. The judgment should go further and dispose of the case to be final. Texas Land & Loan Co. v. Winters, 93 Texas, 560, 57 S. W., 39; Dixon v. Sanderson (Texas), 6 S. W., 831; Kuehn v. Kuehn (Tex. Com. App.), 242 S. W., 719. But here, as we have already stated, the order does not stop with sustaining a demurrer, but it disposes of the case by denying the relief prayed for. This is a final decision. It puts an end to the case. The principle is illustrated to an extent, in Railroad Commission v. Weld, 95 Texas, 278, 66 S. W., 1095. There it was held a judgment in an action brought (under the statute) by a person dissatisfied with a decision of the Commission, which only found that a certain regulation of freight rates by it, and its refusal to establish a different rate, was unjust and unreasonable, but which did not accord relief otherwise to plaintiff, was a final judgment from which an appeal could be taken. Justice Brown, later Chief Justice, said:

"There can be no difference of opinion as to the legal proposition that a judgment which terminates the action in which it is rendered and completely disposes of the case as to all the parties so far as the court has power to do so is a final judgment. * * * The subject-matter of litigation in this case was fully disposed of by the judgment of the court when it was found that the

rates and ruling complained of were, as to the plaintiffs in that case, unjust and unreasonable. Whatever may be the legal effect of the judgment, the court was not required to enforce it in this suit. If the court had the authority to enforce the judgment, and refused to do so, that would make it final."

So that, in any event, the Board having considered the petition, and having denied the complainant all relief whatever, the action of the Board is as final as can be, and there was no alternative but to appeal.

Our attention has been called to Mingus v. Wadley (Tex. Com. App), 285 S. W., 1087. But that decision announces nothing contrary to what we have said. It correctly held that before any suit can be instituted for the enforcement of an award by the Board, there must have been a final award against the insurer and that award must be active and vital and not suspended by suit to set it aside. We do not question the correctness of this pronouncement. The same rule would of course apply to the institution of a suit in the district court after notice of appeal by a dissatisfied party. In either case the Board must have exhausted its jurisdiction. But, we have held that in this instance the Board did exhaust its jurisdiction, and did render a final judgment. There is no similarity between the facts rendering the Wadley award not final and those in the present case recited in the certificate. We recommend that the question certified be answered in the affirmative.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.