## TODD v. SOUTHERN CASUALTY CO.
### (No. 10536.)

Court of Civil Appeals of Texas. Dallas. April 30, 1929.

Rehearing Denied May 18, 1929.

White & Yarborough, of Dallas, for appellant.

Bartlett, Brown & Thornton, of Dallas, for appellee.

VAUGHAN, J. This is an appeal from a judgment sustaining appellee's plea in abatement to appellant's petition. Appellant was injured on March 20, 1928, in the course of his employment while working for Southern Produce Company. At that time, Southern Produce Company carried a policy of workmen's compensation insurance under the Employers' Liability Act of Texas (Rev. St. 1925, arts. 8306-8309), issued by appellee, which policy covered appellant. Appellee assumed liability and began paying appellant weekly compensation on April 7, 1928. Appellant filed his claim for compensation with the Industrial Accident Board of Texas on June 1, 1928. Appellant and his attorney, Clarence Carpenter, on June 8, 1928, filed a sworn petition with the Industrial Accident Board, in which was set up in detail appellant's claim for total and permanent disability, and demanding a lump sum settlement thereof. This petition alleged grounds for a lump sum settlement, which, if proven, would entitle appellant thereto. On the same date, appellant filed a report before said board made by Dr. M. D. Fry, which report shows that appellant was totally and permanently disabled. On the 30th day of July, 1928, the following additional affidavits were, filed by appellant with said board, namely, one by C. H. Todd, appellant's father, in support of appellant's claim for a lump sum payment compensation, and one by appellant, which, if true, without question would show that appellant is entitled to a lump sum settlement, and that a manifest hardship and injustice would result to appellant unless a lump sum settlement was made by said board. On the 10th day of August, 1928, the following communication, in the form of a letter addressed to appellant's attorney, Clarence Carpenter, advised appellant of the action of said board upon his petition, namely:

"N-14196

"In Re Charles Todd vs. Southern Produce Co.

"Dear Sir: In reply to your letter of August 6th, I am directed by the board to state that the Insurance Company is complying with the law according to its records and it therefore declines to set the case for hearing at this time."

Based upon proper proceedings had in reference to said order of date, August 10, 1928, appellant, on September 1, 1928, filed his suit in the trial court, to set aside said order and for a lump sum settlement to be awarded him. As to said petition, it is only necessary to state that it is amply sufficient to authorize the granting of the relief sought on the establishing of its material allegations. The ground of appellee's plea in abatement was that the Industrial Accident Board had not rendered a final decision on appellant's petition, and for that reason the district court had no jurisdiction of the appeal from the order of said board. If said order did not finally determine appellant's rights to a lump sum settlement, then the plea in abatement was properly sustained, for it is only from a final disposition of a matter properly before said board that an appeal is authorized by the law. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084. Appellant's petition presented but one question for the determination of the board, namely, whether or not, under the grounds alleged by him, he was entitled to a lump sum settlement on account of the injuries he had received, and for which appellee had assumed responsibility. The Industrial Accident Board is a special tribunal clothed with full authority to hear and determine all matters relating to the enforcement of the Workmen's Compensation Act, and no·other court can exercise original jurisdiction for the enforcement of the terms and provisions of same.

Did the order, as made by the board, have the effect to finally determine appellant's petition for a lump sum settlement? Said order was based upon appellant's petition before said board and involved the holding that appellant was not entitled to the relief sought, because appellee was complying with the law under which appellant's rights thereto must be determined, and therefore there did not exist at that time any right on the part of appellant to have a lump sum settlement awarded him. This order was a denial of appellant's right to be heard on his petition until such time as it should be shown that appellee was not complying with the law according to the records of said board; the order in part being, "It therefore declines to set the case for a hearing at this time." "At this time" can only mean that, so long as appellee continues to comply with the law according to the records of the board, it would not grant the prayer of appellant's petition; the effect being that, during the period of time that appellee continued to comply with the law according to the records of said board, the relief sought was denied. Therefore it must be apparent the effect of said order was that, so long as appellee should continue to comply with the law, according to the records of said board, the compliance therewith being the very matter that appellant sought by his petition to obtain an order changing, namely, the payment of his compensation in weekly installments to a payment in a lump sum settlement, it was the judgment of the board that appellant was not entitled to the relief sought by him. This right could be just as well denied him through the refusal of the board to hear and determine his petition indefinitely as by an order entered specifically denying him the right to a lump sum settlement. It is undoubtedly the policy of the Workmen's Compensation Act that all matters presented to the board should be speedily determined, as

may be, and further no power is vested by said act in said board to arbitrarily postpone the hearing upon any petition properly before it. It was clearly within the rights of appellant to file his petition for the vacation of the order theretofore entered by the board, allowing weekly compensation to be paid, and ask for an order awarding a lump sum settlement, in lieu of such weekly payments, and to have same determined without unreasonable delay.

This right is clearly provided for by article 8306, §§ 12d and 15, and article 8307, § 5, R. C. S. 1925. Section 12d, in part, provides: "Upon its own motion or upon the application of any person interested showing a change of conditions * * * the board at any time within the compensation period may review any award or order, ending, diminishing or increasing compensation previously awarded within the maximum and minimum provided in this law. * * *" And said section 15, in part, provides: "In cases where death or total permanent incapacity results from an injury, the liability of the association may be redeemed by payment of a lump sum by agreement of the parties thereto, subject to the approval of the Industrial Accident Board. * * *. In special cases where in the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as may be determined by the board."

We are of opinion that the order of the board appealed from was final, and that therefore the court erred in sustaining appellee's plea in abatement. Oilmen's Recip. Ass'n v. Harris, 116 Tex. 247, 288 S. W. 809; Southern Surety Co. v. Hendley (Tex. Civ. App.) 226 S. W. 454; Cobb v. Norwood, 11 Tex. 555; C. R. I. & G. Ry. Co. v. Pemberton, 106 Tex. 463, 161 S. W. 2, 168 S. W. 126. This cause is therefore reversed and remanded to the trial court, with instructions to proceed and hear appellant's petition.

Reversed and remanded.