## WELCH v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 7789.

Court of Civil Appeals of Texas. Austin.
Nov. 23, 1932.

Rehearing Denied Dec. 14, 1932.

Smith & Smith, of Anson, for appellant.

Wilkinson & Wilkinson, of Brownwood, and Seay, Seay, Malone & Lipscomb, of Dallas, for appellee.

BLAIR, J.

Appellant filed this suit as an appeal from the action of the Industrial Accident Board refusing to grant his application for additional compensation for injury. Omitting formal parts, the order of the board refusing the application reads as follows:

"This is to advise you that the above mentioned case has been cancelled from our docket of set cases, same having been set for February 24th, 1931.

"This action is taken on account of failure of attorneys representing claimant to file competent evidence of additional disability."

The case was tried to a jury on special issues, and all issues were answered favorably to appellant, but the trial court refused his motion for judgment based thereon, because of sustaining appellee's plea to the jurisdiction of the court to hear and determine appellee's case on appeal. The court made findings of fact and concluded as follows:

(1) That it was manifest from the order quoted above that the Industrial Accident

Board had not exercised its jurisdiction to hear and determine appellant's application for additional compensation upon its merits, and had made no final appealable award thereon.

(2) That appellant having entered into a compromise settlement of his claim with the defendant, and the amount agreed to having been paid by appellee to appellant, and such settlement having been approved by the Industrial Accident Board, "as is implied from a letter written by the Board to appellant's attorney on December 6, 1930," and there having been no allegation or proof of fraud, accident, or mistake in the making of said settlement, in absence of which the board had no jurisdiction to set aside its former order approving the compromise settlement.

With respect to the first conclusion, we think the judgment of the trial court is erroneous. The letter which constituted the order of the board shows clearly that the board had duly considered appellant's claim for additional compensation, but determined from the evidence adduced before it that appellant was not entitled to the relief which he sought. This letter constituted the final order of the Industrial Accident Board upon the cause, in that it effectively denied appellant any relief on his application. In any event, the board having considered the application and having denied appellant any relief whatsoever because of incompetent proof, the action of the board is as final as can be made, and there was no alternative left appellant but to appeal. This holding is sustained by Oilmen's Reciprocal Ass'n v. Harris, 116 Tex. 247, 288 S. W. 809; Southern Casualty Co. v. Todd (Tex. Com. App.) 29 S.W.(2d) 973; Lumbermen's Reciprocal Ass'n v. Day (Tex. Com. App.) 17 S.W.(2d) 1043.

█ The trial court also erred in its second conclusion that, since a compromise settlement had been entered into and the settlement approved by the Industrial Accident Board, and since there was no allegation or proof of fraud, accident, or mistake in making the settlement, the appellant was barred from further right of action on said claim. This conclusion was based upon the finding of the trial court on the hearing of the plea to the jurisdiction after the verdict of the jury on special issues had been rendered, that the Industrial Accident Board had approved the settlement agreement, "as is implied from a letter written by the Board to (appellant's) attorney on Dec. 6, 1930." This letter is copied in the court's findings of fact, and which, omitting formal parts, reads as follows:

"In re: N–16617, John Welch vs. Texas Brick Co.

"This will acknowledge receipt of notice of injury, and written application for compensation in the above styled case. Inasmuch as John Welch on July 28th, 1930, executed a compensation settlement receipt acknowledging the payment to him by The United States Fidelity & Guaranty Co. of the sum of $17.78, which, together with previous payments of compensation, amounted to $100.82 and represented nine weeks and five days disability as a result of injuries sustained on May 8th, 1928, it will be necessary for you to file late competent medical evidence showing that his disability extended beyond the period covered by said receipt. Upon the receipt of such evidence, the Board will be glad to reopen this claim, and give same further consideration."

There is nothing in this letter to indicate that the board had approved the settlement agreement; but, to the contrary, it merely recites that such agreement had been filed with it, and then instructs the attorney to present competent proof of disability extending beyond the period covered by the receipt acknowledging payment of compensation under the agreement. This procedure was in accordance with the rule announced in the case of Texas Employers' Ins. Ass'n v. Knouff (Tex. Civ. App.) 271 S. W. 633 (writ of error refused), as follows: "A compromise agreement under the act is in the nature of an accord, and a settlement thereunder in the nature of a satisfaction thereof. The jurisdiction of the Board over such compromise agreements and settlements is specially conferred by the terms of the act, and its approval made necessary to the validity of any agreement between the parties with reference thereto. Workmen's Compensation Act, pt. 2, § 12 [Rev. St. 1925, art. 8307, § 12]. An accord not fully executed may be set aside or rejected by the party entitled to receive satisfaction thereof. In such cases the original right of action remains, and what has been paid or delivered is allowed in diminution of the amount claimed."

█ This was the theory upon which appellant pleaded and tried his case and obtained his verdict. Appellee pleaded this compromise settlement as a defense to appellant's suit, but did not request that any issue thereon be submitted to the jury; and appellant in its motion for judgment gave credit for the amount he had been paid under the settlement agreement. The burden was upon appellee to establish this defense, and to establish upon the plea to the jurisdiction that the compromise settlement had been approved by the board. This it clearly failed to do, and the trial court should have granted appellant's motion for judgment based upon the jury's verdict.

█ We are also of the opinion that, since appellee failed to request the submission of the issue to the jury as to whether the board had approved the compromise settlement, appellee thereby waived this defense; and for this reason it cannot raise the question on a plea in abatement or to the jurisdiction of the court after the verdict of the jury, except pos-

sibly on the showing that the issue had been proved as a matter of law, which is not the case here.

■ It is our duty to render the judgment the trial court should have rendered upon the jury's verdict. We therefore render the judgment set out and prayed for in appellant's motion for judgment as shown at page 16 of the transcript.

The judgment of the trial court is reversed, and judgment is here rendered for appellant.

Reversed and rendered.

### On Motion for Rehearing.

■ On motion for rehearing, appellee contends that appellant's petition failed to allege what amount of money was involved in his claim before the board, and that the district court therefore had no jurisdiction to pass upon the case. The petition alleged the average weekly wage of appellant, that he was 75 per cent. permanently disabled, and that he had filed his claim with the board. Absent a special exception, these allegations were sufficient under the rule announced in the cases of Travelers' Ins. Co. v. Peters et al. (Tex. Com. App.) 17 S.W.(2d) 457, and Texas Employers' Ins. Ass'n v. Finney (Tex. Civ. App.) 45 S.W.(2d) 298.

The motion is overruled.

Overruled.