## TEXAS EMPLOYERS' INS. ASS'N v. MARSDEN.

### No. 1075.

Court of Civil Appeals of Texas. Eastland.

Feb. 17, 1933.

Rehearing Denied March 3, 1933.

Lawther, Cox & Cramer, of Dallas, for appellant.

Frank S. Roberts, of Breckenridge, for appellee.

FUNDERBURK, Justice.

The Industrial Accident Board, acting upon the claim of D. E. Marsden, made an award in which was recited a finding that the injury for which compensation was claimed had re-

sulted in hernia (having all the characteristics to make such injury compensable). It was found that said Marsden should submit himself to a surgical operation, and it was so ordered. It was further directed that, if he submitted to the operation and it resulted successfully and effected a cure, he should have compensation at the rate of $20 per week for 26 weeks, less any previous payments. The board, in said award, upon condition that no appeal had been taken by either party therefrom, made several contingent orders, as follows: (1) That, if said employee submitted to the operation and it failed to effect a cure, he receive compensation under the general provisions of the law for whatever incapacity may be found to exist, the amount in case of disagreement of the parties to be subject to further action of the board; (2) that, if he refused to submit to operation, then he should have compensation for 52 weeks at the rate of 60 per cent. of the difference between $34.61, his average weekly wage-earning capacity before he suffered the injuries, and his average weekly wage-earning capacity during said period of one year; (3) that, if the operation were undergone and the parties who furnished the operation and the other items associated therewith failed to agree upon the reasonable value of the services, the matter to be subject to further action of the board.

Both Marsden and the Texas Employers' Insurance Association, the latter being the insurer, gave notice of unwillingness to abide said ruling and decision of the board. Marsden, within 20 days after such notice, filed this suit to set aside the award and recover compensation, and the insurer within said time filed its cross-action, likewise seeking to set aside said award. In his petition Marsden, in addition to other necessary and proper allegations, averred that he was in such physical condition as to make it more than ordinarily unsafe for him to stand an operation, and sought judgment for compensation upon the basis of total and permanent incapacity, and in a lump sum. Upon a jury trial, compensation was awarded him in the lump sum of $6,583.10, with interest and costs. The insurer has appealed.

The appellant has filed a motion seeking to have us reverse and dismiss the case on the ground that the trial court was without jurisdiction because the award of the Industrial Accident Board was not a final award. The same question is also presented by appellant's first and second propositions in its brief.

The Industrial Accident Board decided and ruled, as shown by the award, as follows: (a) That Breckenridge Gasoline Company was a subscriber; (b) that Texas Employers' Insurance Association was the insurer; (c) that D. E. Marsden was an employee of said subscriber; (d) that said employee, on April 25, 1931, sustained an injury while engaged in the course of his employment; (e) that his average weekly wage was $34.61; (f) that said injury resulted in hernia, (g) which appeared suddenly (h) and immediately following its infliction; (i) that it did not exist in any degree prior to infliction thereof, and (j) was accompanied by pain (k) "from which compensation and the benefits to accrue under the provisions of the employers' liability law exist in favor of D. E. Marsden and against the Texas Employers' Insurance Association"; (l) that Marsden should submit himself to a surgical operation; (m) that the "expense incident to and associated with said operation in the reasonable value thereof to be borne and paid by the Texas Employers' Insurance Association"; (n) "that said D. E. Marsden is entitled to recover from and have paid to him by the Texas Employers' Insurance Association on account of said injury, compensation in accordance with the facts that develop in the event he undergoes operation; that is to say, if said operation is submitted to, and same results successfully and effects a cure, said D. E. Marsden will be entitled to recover from and have paid to him by the Texas Employers' Insurance Association compensation at the fixed rate of $20.00 per week for the definite and fixed period of 26 weeks, same beginning to accrue on the date operation is undergone and being payable weekly thereafter until the full period of 26 weeks has expired, less a credit of sum total of all previous payments of compensation, if any, and less attorney's fees hereinafter ordered paid, and it is so ordered, adjudged and decreed by the Board."

The above provisions of the award designated (a) to (n), inclusive, must, we think, be considered as constituting the entire award. All other provisions are expressly upon condition that neither party appeals within the time required by law, and are therefore by their own terms inoperative. If this construction be correct, then the award clearly determines, among other things, the question of appellant's liability to pay compensation, and provides that, if appellee submits to an operation and the same is successful and effects a cure, he shall be paid $20 a week for 26 weeks, less prior payments, if any. The implication is that, if appellee does not submit to the operation, or if the operation be unsuccessful, he shall receive nothing unless no appeal shall be taken, in which case compensation under different contingencies is provided. The question for decision is whether there is thus shown a "final ruling and decision" of the board which either of the parties are entitled to have determined by recourse to the court.

The Industrial Accident Board is not a court, and its rulings and decisions are therefore not judgments of a court. It is doubtful, we think, if principles governing the finality of judgments have application to the question here presented. We think the law clearly evinces the intent that either par-

ty shall have the right to have the proper court determine the question involved in any ruling or decision of the board which purports to finally determine any right of the parties arising under the Workmen's Compensation Law. The decisive test of finality of such ruling or decision is not whether the board purports to have exhausted its jurisdiction or to hold certain questions open for future decision, but rather whether the ruling or decision upon any matter is of such a nature that it imposes upon a party the alternative of either having it set aside or becoming bound thereby. We think that in principle this test is sustained by a number of decisions. Southern Casualty Co. v. Todd (Tex. Com. App.) 29 S.W.(2d) 973; Todd v. Southern Casualty Co. (Tex. Civ. App.) 18 S.W.(2d) 695; Oilmen's Reciprocal Ass'n v. Harris, 116 Tex. 247, 288 S. W. 809; Southern Surety Co. v. Hendley (Tex. Civ. App.) 226 S. W. 454; Lumbermen's Reciprocal Ass'n v. Warren (Tex. Civ. App.) 272 S. W. 826; Security Union Ins. Co. v. Cartwright (Tex. Civ. App.) 33 S.W.(2d) 1088; Consolidated Underwriters v. Saxon (Tex. Com. App.) 265 S. W. 143. The award in question seems to us clearly to meet this test. It will not be contended, we take it, that an award may be final and therefore appealable as to one of the parties, and not final and therefore not appealable as to the other. The statute (R. S. 1925, art. 8307, § 5) will not reasonably lend itself to any such construction. The right of appeal is given alike to both parties. But anyway both parties here have, in legal effect, appealed. The situation is no different than it would have been had appellant filed the suit and the appellee had asserted his claim in a cross-action.

Let us consider now whether the award in question finally determined any legal right of either party, in the absence of timely suit by one or the other. The award determined the existence of a compensable injury. How could the binding effect of that ruling or decision have been avoided by appellant except by a transfer of jurisdiction of the proceeding from the board to the court? Nothing in the award provided, even if it could do so, for a redetermination of that question by the board. The award further determined that appellee was an employee; that he was injured in the course of his employment; that his average weekly wage was $34.61, etc. These were all determinative questions, either of the liability of appellant, or of the amount of compensation to be paid. The board's decision of these questions put the appellant to an election to abide by same and become bound thereby or to have them determined by the court. The award shows a ruling or decision of the board that appellee should submit to an operation. If appellee was dissatisfied with that ruling, how, other than by appeal, could he avoid being bound thereby, with the result that his rights would be limited accordingly. Let us suppose that neither party had appealed and appellee had insisted upon an operation, but appellant repudiated its obligation to pay for same and refused to do so. Can it be doubted that appellee would have had the right, under R. S. 1925, art. 8307, § 5a, to mature that part of the award? To hold that he would not would, it seems to us, be to strike down a plain provision of the statutes.

These illustrations, it is believed, will suffice to demonstrate that, if the real test of finality be as we have above suggested, then the award in question comes clearly within such test.

█ But even if we have not properly construed the award, and, to the contrary, it should be interpreted just as though none of its provisions were to be operative only upon the contingency that neither party appealed, we could reach no different conclusion than we have. Can the Industrial Accident Board make decisions or rulings sustaining or denying legal rights of the parties under the Workmen's Compensation Law and simply by purporting to retain jurisdiction or reserve the right to change them, or hold some questions open for future determination, thereby defeat the jurisdiction of the courts and work a denial of the rights of the parties to have the courts finally determine such questions? We are not prepared to assent to such a proposition. Southern Surety Co. v. Hendley, supra; Ind. Ins. Co. v. Sparra, 57 S.W.(2d) 892; Vestal v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 285 S. W. 1041.

█ With reference to other conclusions of appellant, we deem it sufficient to say that, in our opinion, the words and terms "permanent," "more than ordinarily unsafe," and "suddenly and immediately following the injury," are not such legal terms as to require definition or explanation under the provisions of R. S. 1925, art. 2189.

█ There is no merit to the contention that the court erred in failing to define "average weekly wages." The court did define said term as follows: "The term 'average weekly wage' shall be a one-fifty-second (1/52) of the average annual wages." The objection does not challenge the correctness of the definition, but the failure to give a definition. No question is presented as to its correctness, and we express no opinion as to that. Evidently the foregoing definition was afterwards given in response to said objection.

█ It was further objected that said definition contained the term "average annual wage," of which there was no definition. The undisputed evidence showed the average annual wages received by appellee, and the jury could have considered nothing else. It therefore affirmatively appears that no prejudice could have resulted to the appellant by the

failure of the court to further define the term "average annual wage."

■ Neither do we believe there was error in permitting Dr. O. Lindley, while testifying as an expert medical witness, to state the history of the case as given to him by appellee while undergoing examination. It is our understanding that physicians in making a diagnosis reach their conclusions based upon two sources of information, namely, the objective and subjective symptoms. The subjective symptoms must necessarily come from the patient and include in part at least some of the history of the case.

Being of opinion that there was no error in the trial of the case, and that the judgment of the court below should be affirmed, it is accordingly so ordered.

HICKMAN, Chief Justice (dissenting).

The exact question presented by this record was before the Supreme Court recently in the case of Tally v. Texas Employers' Insurance Ass'n, 48 S.W.(2d) 988. The only question decided in that case was that an award of the Industrial Accident Board, requiring an operation for hernia, was not final as respects the jurisdiction of the court to set same aside. The award there considered was, in all essential respects, the same as that in the instant case. The opinion was by the Commission of Appeals, but the holding was necessarily approved by the Supreme Court, which entered its judgment reversing the judgments of the trial court and the Court of Civil Appeals and dismissing the cause. It could not have entered that judgment without agreeing with the conclusion of the Commission that the award of the Industrial Accident Board was not final as respects jurisdiction of the court. I believe that this court is bound by that decision, and this irrespective of whether we give mental assent to the holding in that case. Thus believing, I respectfully enter my dissent.