Jesse J. **HOLT**, Appellant,

v.

**EMPLOYERS REINSURANCE COR-
PORATION**, Appellee.

No. 14596.

Court of Civil Appeals of Texas.

Houston.

June 17, 1965.

Rehearing Denied July 8, 1965.

Oster & Kaufman, Dallas, for appellant.

Dunnam & Dunnam, Waco, for appellee.

Dixie & Schulman, Houston, and Robert E. Hall, Houston, of counsel, for appellant.

R. H. Whilden and C. E. Nadeau, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment rendered in a workman's compensation case. The question to be determined is whether an appeal to the courts can be taken from an order of the Industrial Accident Board refusing to set a hearing because more than 401 weeks elapsed between the date of injury and the date on which the request for a hearing was received.

In Hart v. Texas Employers Insurance Association, Amarillo Civ.App., 387 S.W. 2d 706, ref., n. r. e., this question was considered and it was held that no appeal could be taken. That court held:

"When the Board herein refused to do anything because of lack of jurisdiction it refused to hold a hearing and make a final determination or decision either granting or refusing the plaintiff's claim for compensation. The plaintiff was without any other remedy than to bring mandamus proceedings to have determined the jurisdictional question and to compel the Board to set a

date for hearing his claim and to hear and make a final determination thereof if the Board had jurisdiction. Kelly v. Industrial Accident Board, Tex.Civ. App., 358 S.W.2d 874 (writ refused)."

The opinion of the Court of Civil Appeals was not expressly approved by the action of the Supreme Court in refusing the application for writ of error with the notation "No Reversible Error". While the Court based its decision squarely on the point that the order of the Industrial Accident Board was not a final order on the merits of the claim and, therefore, was not sufficient to authorize an appeal to the district court, other points were presented by the appellee as a basis for the summary judgment, i. e., that the Board was without jurisdiction to entertain the claim, and, therefore, the district court acquired no jurisdiction by the attempted appeal; and that the complete failure of the appellant to pursue his claim for eight years before requesting a hearing constituted an abandonment of the claim.

 While appellee has raised the question of abandonment in its brief in this case, we consider it an affirmative defense which must be pled affirmatively. Appellee, as it frankly stated to the court, did not plead abandonment for the reason that it might present a question of fact and thus complicate its motion for summary judgment. The action of the Supreme Court in refusing the application for writ of error in the Hart case may have been based on this point. The Hart case was an appeal from a summary judgment. It cannot be determined from the opinion whether the Insurance Company presented evidence in connection with its motion for summary judgment negativing the existence of good cause. In the absence of such a showing, it would appear that an issue of fact existed precluding a summary judgment on the ground of abandonment of the claim. Denton County v. Brammer, Tex.Sup., 361 S.W.2d 198; Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85; Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489. In this case, in addition to the failure to plead that the delay in seeking a hearing on the claim constituted an abandonment, appellee did not allege or attempt to show that there was not good cause for the failure.

Appellant received an injury to his finger on March 8, 1955. He was given prompt medical treatment and payment of compensation was begun on March 18, 1955. On April 21, 1955, appellant filed notice with the Board that compensation payments had been stopped because appellant had returned to work at his regular job. On April 29, 1955, appellant filed his notice of injury and claim for compensation for an injury to his right hand with the Board, together with a letter requesting that no action be taken on the claim until appellant requested a hearing. On May 2, 1955, the Board wrote appellant's attorneys acknowledging receipt of the notice, claim, and letter and advising them that the amount of compensation shown to have been paid was the correct payment for the lost time and stating: "If you are claiming any further benefits it will be necessary for you to furnish us an up-to-date medical report in support of your claim. * * * We will await further advice from you." Some eight years later, November 6, 1963, appellant requested that the claim be set down for a hearing.

On November 26, 1963, the Board replied as follows:

"This will acknowledge your letter dated November 6, 1963 in which you requested this case along with another case for the claimant to be scheduled for a hearing.

"Since the courts have held that this Board is without jurisdiction to act on a claim after a period of 401 weeks following the date of injury, this Board has no jurisdiction over Mr. Holt's claim for an accident occuring to him March 8, 1955. You may consider this the final action of this Board."

This letter was treated as a final ruling by appellant and his appeal was filed in the district court in proper time.

Appellee contends that the letter of May 2, 1955 constituted an award of compensation in the amount of $139.29. The Board found that such sum was the correct amount due him for lost time and that it had been paid. Appellee construes that part of the letter pointing out the necessity for medical reports, in the event further benefits were claimed, and the statement that the Board would await further advice from the claimant as a reference to the provisions of Section 12d, Article 8306, V.A.T.S., in view of the duty of the Board to hear a claim within a reasonable time (Article 8309a, V.A.T.S.) and the Board's Rule 5.14 to the effect that: "Hearings may be postponed in the discretion of the Board only during a period in which claimant is receiving both medical care and compensation."

Section 12d, supra, authorizes the Board to review any award or order ending, diminishing or increasing compensation previously awarded within the compensation period, and to review an order denying compensation within twelve months after its entry. Appellee says that the letter of May 2 not only awarded compensation, but also constituted a final award denying further compensation from which an appeal to the district court would have been proper. Welch v. United States Fidelity and Guaranty Co., Tex.Civ.App., 54 S.W.2d 1041, writ dism. The further argument is made that thereafter the only hearing the Board had authority to order would be one contemplated by Section 12d, which must be held within the compensation period. Under no circumstances can the "compensation period" exceed 401 weeks. Texas Employers Ins. Ass'n v. Guidry, 128 Tex. 433, 99 S.W.2d 900.

■ However, we are of the opinion that the "hearing" contemplated by Art. 8309a, V.A.T.S., was not held prior to the letter or award, if it was such, of May 2, 1955. The complete proceedings of the Board are before us. There was no formal hearing of which the claimant was given notice. Such a hearing is contemplated by the Workmen's Compensation Act. Article 8307, Sec. 4, provides that the procedure before the Board shall be as summary "as may be under this law," and also provides that the Board may subpoena witnesses, punish for contempt and bar people from practicing before the Board under certain conditions. While a formal hearing may not be essential to due process, since the Act provides for trial de novo on appeal, it also contemplates notice of a hearing and an opportunity to be heard.

■ A claimant may require the Board "to set a date for the hearing of his claim and to hear, and make a final determination thereof" where the Board refused to hear a claim in the absence of a medical report. Kelly v. Industrial Accident Board, Tex.Civ.App., 358 S.W.2d 874. We will not construe the action of the Board as determining the merits of a claim, where no prior hearing was afforded the claimant, if their action can be reasonably construed otherwise. Together with his notice of injury and formal claim for compensation claimant filed with the Board a letter requesting that no further action be taken by the Board until advised by him that a date for hearing be set. The Board rules authorized such requests. The letter of May 2 need not be construed as an award in view of this request.

The Board letter of November 6, 1963 presents a more difficult question. In the leading case of Oilmen's Reciprocal Ass'n v. Harris, 116 Tex. 247, 288 S.W. 809, opinion adopted, the Board held the following letter to be a final award from which an appeal could be taken:

"'J—15632. In re D. C. Harris v. Texas Sugar Refining Company. Thos. C. Turnley, Esq., Attorney at Law, Galveston, Tex.—Dear Sir: I am directed

by the board to advise that your request for a hearing on lump sum settlement is denied, for the reason that this claim does not come within the classification of the lump sum settlement, as provided for in section 15, part 1, of the act. If you will bring your petition under the proper provisions of the act —section 15–A, part 1—and show cause for reduction of the period and corresponding increase of the amount of weekly payments, the board will likely give the application such consideration as it merits. Yours very truly, Industrial Accident Board, by ———, Secretary.' "

The court held:

"The facts stated in the certificate, more specifically the letter from the Industrial Accident Board by its secretary, would indicate that the board had considered the appellee's application for a lump sum settlement and had denied the same upon the merits, that is, holding 'that this claim does not come within the classification of the lump sum settlement as provided for in section 15, part 1, of the act.' This interpretation is strengthened by the fact recited in the certificate that 'the board received, filed, and considered this application.' So that, if this interpretation of the certificate be accepted, and we think it should be, there can be no doubt that the action of the board was final in every respect. The holding of the board is not tantamount merely to the sustaining of a demurrer to the petition, but rather it denies the applicant's request for a lump sum settlement, which, of course, being all the relief sought by him, effectually puts him out of court, with no recourse but to appeal."

This decision was considered by the Court of Civil Appeals at Eastland in Jones v. Texas Indemnity Ins. Co., 15 S.W.2d 1077, writ ref. There an appeal was attempted from an order of the Board reading as follows:

"N—6157

"In re R. C. Jones v. Magnolia Pipe Line Co.

"Mr. John T. Spann, Atty., 232 Allen Building, Dallas, Texas—Dear Sir: Because of the fact that our records indicate that the Insurance Company is paying compensation, the Board does not consider that the time has yet arrived to set the case for hearing.

"Should the company suspend payment altogether or a dispute arise over the method of handling the claim, if the attorneys can get together and advise the Board as to what firm represents the claimant, the Board would then be in position to grant a hearing.

"Yours very truly,

"Industrial Accident Board,

"EBB–CJ By ———, Secretary.

"C. C. White & Yarborough,
 409–11 North Texas Bldg.,
 Dallas, Texas."

The court held that the letter amounted to nothing more than a declination to set the case for an immediate hearing and was not a final order disposing of the claim. The court said:

"The principal case relied upon by appellant is a decision by the Commission of Appeals in Oilmen's Reciprocal Ass'n v. Harris, 116 Tex. 247, 288 S.W. 809. That opinion was written upon a certificate from the Court of Civil Appeals showing that the board received, filed, and considered the application. The letter in that case advised the claimant that his request for a hearing was denied for the reason that his claim did not come within the classification of a lump sum settlement, as provided in a certain article of the statutes. In the instant case the board has never considered appellant's claim

on its merits. That opinion defines a final judgment from which an appeal will lie in the following language: 'A judgment, order, or decree is final when it terminates the then pending suit or proceeding in such manner as to put it out of the power of the court making the same, after the expiration of the term, to place the parties in their original condition; one that disposes of all the issues so that there remains nothing more for the court to do to ascertain the rights of the parties; one that leaves nothing to be judicially determined, but which settles the rights of the parties under the issues made by the pleadings or disposes of the cause and places the parties out of court.'

"We agree with the following language taken from appellee's brief: 'The sum and substance of the letter, treated in the sense of an order of the board, is that it is preliminary, temporary and conditional in character, inconsistent with none of the rights or relief prayed for by claimants, made in the progress of the case for the purpose of managing the action and to ascertain the facts to the end that the rights of the parties could be considered and finally determined. Whatever there may be in the letter in the nature of a ruling or decision, it is purely interlocutory, relating only to a question of procedure, essentially a matter within the legal discretion of the board, and therefore not final in the sense that it is appealable.'"

The Dallas Court of Civil Appeals was presented with a case having the same factual situation as the Jones case in Todd v. Southern Casualty Co., 18 S.W.2d 695. This court held the letter to amount to a final award authorizing appeal, stating:

"This order was a denial of appellant's right to be heard on his petition until such time as it should be shown that appellee was not complying with the law according to the records of said board; the order in part being, 'It therefore declines to set the case for a hearing at this time.' 'At this time' can only mean that, so long as appellee continues to comply with the law according to the records of the board, it would not grant the prayer of appellant's petition; the effect being that, during the period of time that appellee continued to comply with the law according to the records of said board, the relief sought was denied. Therefore it must be apparent the effect of said order was that, so long as appellee should continue to comply with the law, according to the records of said board, the compliance therewith being the very matter that appellant sought by his petition to obtain an order changing, namely, the payment of his compensation in weekly installments to a payment in a lump sum settlement, it was the judgment of the board that appellant was not entitled to the relief sought by him. This right could be just as well denied him through the refusal of the board to hear and determine his petition indefinitely as by an order entered specifically denying him the right to a lump sum settlement. It is undoubtedly the policy of the Workmen's Compensation Act that all matters presented to the board should be speedily determined, as may be, and further no power is vested by said act in said board to arbitrarily postpone the hearing upon any petition properly before it. It was clearly within the rights of appellant to file his petition for the vacation of the order theretofore entered by the board, allowing weekly compensation to be paid, and ask for an order awarding a lump sum settlement, in lieu of such weekly payments, and to have same determined without unreasonable delay."

An application for writ of error was granted in this case and the Commission of Appeals, in Southern Casualty Co. v. Todd,

29 S.W.2d 973, finding it in direct conflict with the Jones case, said:

"If the opinion in the Jones Case is correct, then the Industrial Accident Board could defer, from time to time, taking any final action on the application, such as was made in this case, and, as there could be no appeal from this procedure, the result would be a denial to the applicant of any means of securing an award from the courts, however clear he might be entitled thereto, under the law and the facts of his case. We think the phrase 'The Insurance Company is complying with the law, according to its records,' followed by the phrase 'Therefore declines to set the case for hearing,' conclusively shows that the reason why the Industrial Accident Board declined to set the case for hearing at that time was because it had considered the application made by the applicant, together with the facts presented in support thereof, and had concluded that, because the insurance company was complying with the law, according to the records of the Industrial Accident Board, the applicant had not right to a hearing on his application, so long as this condition of affairs continued. This action operated a final adjudication of the matter in controversy. The opinion of the Court of Civil Appeals is in all things correct, and the authorities cited in support thereof are sufficient without the citation of additional ones."

The rationale of this case is discredited somewhat by the reasoning of the Court in Kelly v. Industrial Accident Board, Tex. Civ.App., 358 S.W.2d 874, and by that of the Court of Civil Appeals in Industrial Accident Board of Texas v. Hudson, 246 S.W.2d 715, and Industrial Accident Board v. Glenn, 184 S.W.2d 302, reversed on other grounds, 144 Tex. 378, 190 S.W.2d 805, cited as authoritative in the Kelly case.

In the Kelly case the court held that mandamus would lie to compel the Board to set a date for the hearing of his claim and to hear and make a final determination thereof. There the Board advised the claimant that the "Board rules require medical evidence to be filed in each case before an award will be made. For this reason, no further action will be taken in this matter and you may consider this a final ruling of the Board." The court further held that the Board exceeded its authority in requiring medical reports to be filed and that its refusal to hear the claim in the absence of such a report violated the mandatory provisions of Art. 8309a, V.A.T.S., requiring claims to be heard within a reasonable time. The court then held: "Since claimant was without any other remedy, either at law or in equity, to compel the Board to set a date for the hearing of his claim and to hear and make a final determination thereof, the writ of mandamus is a proper remedy to require the performance of such ministerial duty."

The Hudson case concerned an order of the Board requiring claimant to submit to a surgical operation. When claimant refused to submit to the operation, the Board advised that it refused to take any further action until its order was complied with. The court held that the order requiring an operation was interlocutory and not appealable. It further held that since the Compensation Act recognized the right of a claimant to refuse an operation and specifies the procedure to be followed by the Board thereafter in determining the compensation to which the claimant is entitled, and that since these procedures had not been followed, there was no final award fixing the compensation due the claimant, nor denying him compensation. The court concluded that a writ of mandamus should issue requiring the Board to proceed to a hearing and final disposition of the case.

In the Glenn case the Board refused to approve a compromise settlement agreement because the amount of compensation due was not "figured * * * in accordance with the Board's rule." The parties sought mandamus to compel approval, and

this relief was refused by the trial court. The Court of Civil Appeals held that the approval or refusal to approve a settlement agreement is not an award from which an appeal will lie to the courts, and that since the Board refused to approve the agreement solely because of the Board's mistaken construction of the law, no matter of discretion or fact finding being involved, mandamus was authorized and remanded the cause to the trial court with instructions to issue the writ. Thereafter the Supreme Court reversed the judgment of the Court of Civil Appeals (Industrial Accident Board v. Glenn, 144 Tex. 378, 190 S.W.2d 805) holding that the refusal of the Board to approve the settlement agreement was neither an award of compensation nor a denial of an award, and necessarily left the claim pending; that either the claimant or the insurance carrier had a right to seek a final award from which it could appeal to the courts; that conceding, without deciding, that the writ of mandamus is available to compel the Board to hear and determine a claim on its refusal to act, nevertheless the Board cannot be compelled to act in a specific manner; and here the parties seek to control the discretion or judgment of the Board and thereby avoid the necessity of procuring from the Board a final award and an appeal therefrom. The Supreme Court then concluded that the equitable remedy of a writ of mandamus is not available as a substitute for a legal remedy provided by law, and, the parties not having exhausted the remedy provided by the Compensation Act, the writ of mandamus was not available.

Another recent case considering the question of the finality of an order of the Industrial Accident Board is Indemnity Insurance Company of North America v. Marshall, Tex.Civ.App., 308 S.W.2d 174, ref., n.r.e. In the Marshall case there was doubt as to whether jurisdiction lay with the Industrial Accident Board or the Federal Bureau of Employees' Compensation. A claim was filed with the Board, but before the date for hearing, the claimant filed a request with the Bureau that it take jurisdiction of the claim and notified the Board of this action. Within a few weeks the Board wrote the claimant that the hearing on the claim was cancelled because it is within the jurisdiction of the U. S. Department of Labor, Bureau of Workmen's Compensation. The letter concluded: "This is a final award of the Board. If you are dissatisfied with the award of the Board and desire to appeal it, you must give notice * * * and thereafter file suit. * * *" The Court of Civil Appeals of Beaumont held that the action of the Board constituted a final award, saying:

"We note that, as evidenced by the notice that was sent to appellee, the Industrial Accident Board's ruling or order was one cancelling a 'hearing' of or for appellee's claim. However, when the reason assigned by the Board for its action is considered, and when we consider that the Board itself represented its ruling or order as being 'a final award,' we think there can be no doubt that the ruling or order was intended as a cancellation of appellee's claim from the Board's docket of pending claims, and not as merely a cancellation of the particular hearing that had been previously scheduled to take place on a given date. * * * Without actually saying no, the order was, in reality, a denial of appellee's claim for compensation under the state law. This is inherent in the Board's expressed conclusion that the claim fell within the jurisdiction of the Bureau of Workmen's Compensation, U. S. Department of Labor, for, assuming, as we think we must in the circumstances, that it was meant that the Bureau of Workmen's Compensation had exclusive jurisdiction of the claim, the Industrial Accident Board was but saying that appellee was entitled to recover, if at all, only under the Longshoremen's and Harbor Workers' Compensation Act and not under the state law. We have concluded, therefore, that, being tanta-

mount to a denial of appellee's claim the Industrial Accident Board's ruling or order was a final and appealable ruling or decision and that the trial court had jurisdiction to hear and determine the cause on its merits. See Verrett v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 223 S.W.2d 33; Brown v. Texas Employers' Ins. Ass'n, Tex. Civ.App., 276 S.W.2d 314. Point two is overruled."

In this case it is clear that the action of the Board denied appellant's claim because the Board had determined that more than 401 weeks had elapsed from the date of injury to the date the hearing was requested and that in such a case appellant was not entitled to recover under the Workmen's Compensation Act as construed by the courts. This action should not be considered as merely postponing the hearing indefinitely or as a refusal to grant a hearing. It was a denial of the claim on the merits as a matter of law, and not merely on a question of Board procedure. It involved ascertaining facts, undisputed, it is true, and the application of the law to those facts. Mandamus would not lie. Industrial Accident Board v. Glenn, supra. The Kelly case is not controlling because there the Board rendered no award on the merits. Its action in that case can be reasonably construed only as a refusal to act on the claim. In this case if the Board were required to hold a formal hearing, in the absence of a final judgment that it has jurisdiction of a claim set for hearing more than 401 weeks after the date of injury, no doubt their award would be the same. The letter under consideration in this case was a final award authorizing an appeal to the courts.

The Board, however, cannot be considered to have denied the claim for compensation if it, in fact, had no jurisdiction. If the Board lacked jurisdiction to pass on the claim, a fortiori the Court to which the appeal was taken was without jurisdiction. Commercial Casualty Ins. Co. v. Hilton, 126 Tex. 497, 87 S.W.2d 1081, opinion adopted.

If, therefore, by the terms of the Act jurisdiction over a claim for benefits, otherwise compensable under the Act, is withdrawn from the Board by reason of the fact that it remains dormant in files of the Board until a period of 401 weeks from the date of injury had passed, then the district court acquired no jurisdiction of the attempted appeal and the action should have been dismissed. We find no specific provision to this effect in the Act. In every case in which an award is made by the Board the compensation necessarily includes that period of disability suffered prior to the hearing before the Board. We think it likely that in the case of a specific injury for which benefits are confined to a few weeks, as may be the case here, many claims are heard by the Board after the period has elapsed. Certainly it must be true that where a general injury is claimed, but only a specific injury is proven, claims are heard by the Board after the period for which compensation is recovered. In all cases where the claimant has complied with the Act in filing his claim with the Board, he has properly preserved his cause of action. The case of Gulf Casualty Company v. Hart, S.Ct., 141 Tex. 642, 175 S.W.2d 73, is not controlling because in that case the death for which benefits were claimed did not occur during the compensation period. The Supreme Court held that a cause of action never came into existence. Here the cause of action did come into existence. While it may have been barred by undue and unexcused delay on the part of the claimant in seeking a final determination, a point which we have determined is not before us, this would be a matter requiring the exercise of jurisdiction rather than negating its existence.

After an appeal is taken from a final award of the Board, the trial court is not limited to the issues ruled on by the Board, but may determine all issues necessary to a proper determination of the claim for com-

**338**

pensation. Texas State Highway Department v. Fillmon, 150 Tex. 460, 242 S.W.2d 172.

■ Appellee's contention that the general statutes of limitation are applicable to this action cannot be sustained. Holloway et al v. Texas Indemnity Insurance Company, Tex.Com.App., 40 S.W.2d 75; Texas Employers' Insurance Association v. Guidry, 128 Tex. 433, 99 S.W.2d 900.

The trial court erred in granting a summary judgment in this case. The judgment is reversed and the cause is remanded for trial on the merits.

### On Motion for Rehearing

In its motion for rehearing appellee has pointed out that this Court was mistaken in stating that appellant filed notice with the Board that compensation payments had been stopped, and that in fact appellee filed this notice. Appellee is correct, but the error does not affect the conclusions reached.

The motion for rehearing is overruled.