**Annie Joyce MEDEIROS, Individually and as Community Survivor of the Estate of Frank M. Medeiros, Deceased, and as Next Friend of Manuel Frances Medeiros, a Minor, Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Appellee.**

No. 3–88–245–CV.

Court of Appeals of Texas, Austin.

Nov. 15, 1989.

Michael A. Wash, Austin, for appellant.

William J. Downs, Schechter & Associates, Houston, for appellee.

Before POWERS, CARROLL and ABOUSSIE, JJ.

CARROLL, Justice.

Appellant sought maturation and lump sum payment of her workers' compensation death benefit claim. The district court granted appellee's motion to dismiss for want of subject matter jurisdiction. We will affirm the judgment of the trial court.

## BACKGROUND

Appellant's husband died in early 1980 because of an on the job accident. After

filing a claim for death benefits with the Industrial Accident Board, appellant and her son began to receive weekly death benefit payments from appellee. Soon thereafter, appellant received a letter dated August 19, 1980, from a resident reviewer of the Industrial Accident Board. The letter states that the Board received the notice of fatal injury and claim for compensation and that benefits "shall be paid" to a widow and child of a decedent in accordance with article 8306, section 8, of the Act. The letter is signed: "Industrial Accident Board" by "Sarah Milian, Resident Reviewer, North Texas." Because of its importance to this appeal we have set out a photocopy of the letter following this opinion.

On several occasions over the years, appellant and her son did not receive their weekly payments on time. On September 25, 1987, appellant filed suit in district court to mature her workers' compensation claim in response to appellee's failure to pay promptly.

## CONTENTIONS OF THE PARTIES

Appellant contends that the Board granted appellant and her son an "award" of benefits which was never appealed and thus is "final." Because appellee failed to pay each weekly benefit on time, appellant sought to mature her "award" in the district court pursuant to article 8307, section 5a, of the Act. Tex.Rev.Civ.Stat.Ann. art. 8307, § 5a (Supp.1989).

Appellee responds that the Board has not made a final award of benefits, nor have they issued any order, decision, or ruling reflecting such an award. According to appellee, the resident reviewer's August 19th letter is not an "award" by the Board. Instead, it is merely a letter from one of the Board's resident reviewers which paraphrases and explains the appellant's rights under the statute. Without an award the district court lacks subject matter jurisdiction over appellant's claim because the Board retains exclusive jurisdiction over the matter.

## ANALYSIS AND CONCLUSIONS

The Act grants the district court possible jurisdiction in two instances. First, article 8307, section 5, and article 8307a of the Act provide for timely appeal of a "final ruling and decision" of the Board by filing of suit in district court. Tex.Rev.Civ.Stat.Ann. art. 8307, § 5, and art. 8307a (Supp.1989). Second, a party may bring suit in the district court when "the board has made an award" or issued a "final order, ruling or decision" against an association and the association fails to comply with such an award or order. Tex.Rev.Civ.Stat.Ann. art. 8307, § 5a (Supp.1989). The district court's jurisdiction over appellant's claim thus turns on whether the Industrial Accident Board issued an award.

The Workers' Compensation Act does not define the term "award." Tex.Rev.Civ. Stat.Ann. arts. 8306 *et seq.* (1967 & Supp. 1989). However, article 8307, section 8, gives an indication of the specific formalities required for an award of the Board:

A majority of the Board shall constitute a quorum to transact business, and the [a]ct or decision of any two members thereof shall be held the act or decision of the Board.... The Board shall provide itself with a seal on which shall be inscribed the words "Industrial Accident Board, State of Texas." Any order, award or proceeding of said Board when duly attested by any member of the Board or its Secretary, shall be admissible as evidence of the act of said Board in any Court of this State.

Tex.Rev.Civ.Stat.Ann. art. 8307, § 8 (1967).

Appellant argues that article 8307, section 8, serves only as a directory provision, and that its sole function is to detail the authenticity requirements of a document which is offered in evidence as a Board award or order. We disagree. Article 8307, section 8, also establishes the required formalities for a Board "quorum," "act," and "decision." Tex.Rev.Civ.Stat. Ann. art. 8307, § 8 (1967). The inclusion of the statutory requirements for Board decisions suggests to us that article 8307, section 8, plays a definitional role in addition to its evidentiary function.

In determining the scope and meaning of article 8307, section 8, we are governed by specific rules of statutory construction. If the legislature's intent is apparent from the plain language of the statute, we need not analyze extrinsic evidence of the legislative intent. *Minton v. Frank,* 545 S.W.2d 442, 445 (Tex.1976). Further, we do not read the section of the statute in isolation; rather, our determination should be based on the entire Act. *Sexton v. Mount Olivet Cemetery Association,* 720 S.W.2d 129, 137 (Tex.App.1986, writ ref'd n.r.e.).

The legislature's intent that a claimant's procedural rights turn on a certain definition of the term "award" is self evident from a "general view of the whole enactment." *Sexton,* 720 S.W.2d at 137. Furthermore, the plain and unambiguous pronouncements, "the [a]ct or decision of any two members ... shall be held the act or decision of the Board...." and "Any Order [or] award ... when duly attested by any member of the Board or its Secretary, shall be admissible as evidence of the act of said Board ...," indicate the legislature's intention that these provisions function as required formalities for an award of the Board.

Appellant maintains that the language, "Any Order [or] award ... shall be admissible as evidence," only bears on the evidentiary authentication of a document. Nevertheless, this provision must be read in conjunction with the balance of article 8307, section 8, and the entire Act. *Ex Parte Roloff,* 510 S.W.2d 913, 915 (Tex. 1974); *Black v. American Bankers Insurance Company,* 478 S.W.2d 434, 437 (Tex. 1972). Accordingly, we conclude that, article 8307, section 8, taken as a whole, was intended by the legislature to also serve to define the specific formalities required for the issuance of an award by the Board.

Appellant asserts that the resident reviewer's letter constitutes as a matter of law an "award" by the Board. In support of her contention, appellant cites a litany of cases in which letters have been held to be final awards of the Board.

We believe the cases cited by appellant are distinguishable from the present case. In all of those cases, the letters at issue indicate that the representations reported were expressly the rulings and decisions of "the Board." *Clawson v. Texas Employers Insurance Association,* 475 S.W.2d 735, 737 (Tex.1972); *Employers Reinsurance Corporation v. Holt,* 410 S.W.2d 633, 634 (Tex.1966); *Southern Casualty Co. v. Todd,* 29 S.W.2d 973, 974 (Tex.Comm.App. 1930, jdgmt adopted); *Oilmen's Reciprocal Ass'n v. Harris,* 116 Tex. 247, 288 S.W. 809, 810 (Tex.Comm.App.1926, opinion adopted); *Indemnity Insurance Company of North America v. Marshall,* 308 S.W.2d 174, 178 (Tex.Civ.App.1957, writ ref'd n.r. e.). Further, in two of the cases the letters were signed by the Board Secretary on behalf of the Board. *Southern Casualty Co.,* 29 S.W.2d at 974; *Oilmen's Reciprocal Ass'n,* 288 S.W. at 810.

In contrast, the August 19th letter not only lacks all of the formalities which would indicate an award by the Board, it does not refer to any specific act, decision, order, or award of the Board. Instead, it merely establishes that a resident reviewer of the Industrial Accident Board sent appellant a letter detailing her rights and benefits under the Workers' Compensation Act.

We hold, therefore, that the Industrial Accident Board did not grant appellant an "award" under the Workers' Compensation Act. In the absence of a final unappealed award, the district court does not have subject matter jurisdiction over appellant's claim. Tex.Rev.Civ.Stat.Ann. art. 8307, §§ 5, 5a (Supp.1989). Accordingly, we overrule appellant's sole point of error.

The order of the district court is affirmed.

APPENDIX

August 19, 1980

Y-52549-N3

580 C 194918-9

Frank M. Medeiros, Dec'd.

Ms. Annie J. Medeiros
Route 2, Box 77
Carbon Hill, Alabama  35549

Rockwool Industries

January 4, 1980

Ball

Dear Ms. Medeiros:

This will acknowledge receipt of Notice of Fatal Injury and Claim for Compensation for Death on the above captioned case.

Please be advised, in accordance with Article 8306, Section 8, the weekly benefits payable to the widow or widover of a deceased employee shall be continued until the death or remarriage of the beneficiary.  In the event of remarriage a lump sum payment equal in amount to the benefits due for a period of two years shall be paid to the widow or widover.  The weekly benefits payable to a child shall be continued until the child reaches twenty-five years of age if enrolled as a full time student in any accredited educational institution.  All other legal beneficiaries are entitled to weekly benefits for a period of three hundred and sixty weeks.

Very truly yours,

INDUSTRIAL ACCIDENT BOARD

Sarah Milian
Resident Reviewer
North Texas

SM/tr

D1-A