## TEXAS EMPLOYERS INS. ASS'N v. KING.

### No. 15068.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 7, 1949.

Holloway, Crowley & Hudson and Edgar H. Keltner, Jr., all of Fort Worth, for appellant.

Walter A. Nelson and R. Price Howard, both of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellee brought this suit to set aside a settlement of a claim for workmen's compensation. Appellant, the insurer, filed a plea of privilege, which appellee controverted on the ground that appellant had committed a fraud in the county where the suit was brought.

Appellee testified in substance that at the time the settlement was made the agent of the insurer told appellee that he was suffering from illness and not from an accidental injury and that he was not entitled to compensation, but that the insurer would pay him $150 if he would sign the settlement agreement.

Although appellee testified that the agent told him that he was suffering from illness, appellee also testified in detail about receiving an injury at a specified time, that he immediately suffered pain and continued to suffer pain both night and day thereafter, that he was suffering pain at the time of trial, that he spent five days in the hospital, that he was in excellent physical condition before the accident but had not been able to work since, that he knew when he made the settlement that his trouble was caused by the accidental injury, and that he knew at the time the settlement was made that what the insurer's agent told him was untrue.

The burden was on appellee to plead and prove his charge of actionable fraud. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. "It is fundamental that

one who seeks to rescind an agreement because of fraudulent representations must show that he relied upon such representations and that same induced him to execute the agreement." Traders & General Insurance Co. v. Bailey, 127 Tex. 322, 94 S.W.2d 134, 136. The order of the trial court overruling the plea of privilege implies a finding of reliance by appellee on the false representations, but the evidence shows without dispute that appellee did not rely on the statements of the agent to the effect that appellee was suffering only from illness. Thus, an essential element of fraud is missing.

The judgment of the trial court is reversed and the cause is ordered transferred to the proper court in Dallas County.