Dow and Walsh vs. A. Hotchkiss — Writ of Error from Galveston County.

An order for the continuance of a cause is not such an interlocutory judgment as is contemplated by the statute which authorizes the bringing of interlocutory judgments into this court for revision by writs of error.

This suit was instituted in the court below by the plaintiffs in error against the defendants, and while pending, the court, at the instance of the defendant, continued it for the term, for reasons deemed insufficient by the plaintiffs, and to revise which they brought it into this court by writ of error.

*Alexander*, for plaintiffs in error.

No appearance for defendant.

Mr. Justice LIPSCOMB delivered the opinion of the court.

In this case no final judgment has been rendered in the court below. The object of the writ of error is to review the decision of the presiding judge in the court below in granting to the defendant a continuance of the cause. We [472] presume the writ was taken out under the 14th section of the act of 1846, to regulate judicial proceedings in the district courts. It is in the following words: "The judges of the supreme or district court only shall grant writs of error on *interlocutory judgments.*" We do not believe that it was the intention of the legislature, nor is it within the fair interpretation of the act, to include an order for a continuance. Where a continuance is granted, although it may be prejudicial to a party, it is not a judgment in anywise touching the merits of the case, in whole or in part; and were this court to undertake to set aside a continuance the case would only be in the same condition it was before; we could not render the judgment on the merits. It is only where a final judgment has been rendered that this court, on a revision of such judgment, can reverse and render such judgment as the court below should have rendered. And in that case, if we should think the judge had not decided with a sound discretion on the application for a continuance, it would amount to nothing more than the mere expression of an opinion, without being a judgment, because there is no judg-

ment before us.   The cause would still be in the district court,. to be tried by a jury.

We cannot well conceive of a case where the continuance of cause could be brought before a revising tribunal.   If a con· tinuance should be refused, after a good cause had been shown, and the party forced into trial when unprepared, this court in such a case would inquire into the propriety of the refusal of the court below to grant the continuance that had been asked; this, however, would be after a judgment against the party who had been forced into a trial of his case.   There being no judgment, neither final nor interlocutory, we cannot entertain jurisdiction of the question as presented.   The case is therefore dismissed.