## JONES v. TEXAS INDEMNITY INS. CO. (No. 560.)

Court of Civil Appeals of Texas. Eastland. March 22, 1929.

Rehearing Denied April 19, 1929.

White & Yarborough, of Dallas, for appellant.

W. H. Francis, A. S. Hardwicke, and Walace Hawkins, all of Dallas, for appellee.

HICKMAN, C. J. The appeal is from a judgment sustaining a plea in abatement and dismissing the cause from the docket. The suit was an appeal from an alleged final ruling and decree of the Industrial Accident Board, and the plea in abatement presented the question of whether such board had ever made any final ruling or decree upon appellant's claim.

On February 23, 1928, White & Yarborough, attorneys, of Dallas, addressed a letter to the Industrial Accident Board, inclosing therewith a notice of injury, claim for compensation, affidavit of the claimant, and a contract between the attorneys and the appellant respecting attorneys' fees. This letter, with its inclosures, was received by the board on February 24th. On February 25th, the secretary of the board replied thereto in the following language:

"Gentlemen: On referring to our records in the above claim we observe that the Insurance Company is paying compensation and that there is nothing on file thus indicating that it was a lump sum settlement claim. Your letter however of Feb. 23rd with enclosures has been properly filed among the records in this case for consideration should the claim come before the Board for official determination.

"Yours very truly,
"Industrial Accident Board,
"EBB–CJ    By ————, Secretary."

On February 28th, John T. Spann, an attorney of Dallas, addressed a letter to the Industrial Accident Board regarding the same claim for a lump sum settlement, and inclosed therewith a claim and a contract and assignment between him and the claimant for attorney's fees. This assignment was dated prior to the one sent by White & Yarborough, but seems never to have been acknowledged by the claimant. This letter, with its inclosures, was received by the board on February 29th. On March 3d thereafter the secretary of the board replied to this letter, addressing his reply to Mr. John T. Spann and sending a carbon copy thereof to White & Yarborough. This reply was as follows:

"March 3, 1928.
"N–6157.
"In re R. C. Jones v. Magnolia Pipe Line Co.

"Mr. John T. Spann, Atty., 232 Allen Building, Dallas, Texas—Dear Sir: Because of the fact that our records indicate that the Insurance Company is paying compensation, the Board does not consider that the time has yet arrived to set the case for hearing.

"Should the company suspend payment altogether or a dispute arise over the method of handling the claim, if the attorneys can get together and advise the Board as to what firm represents the claimant, the Board would then be in position to grant a hearing.

"Yours very truly,
"Industrial Accident Board,
"EBB–CJ    By ————, Secretary.
"C. C. White & Yarborough, 409–11 North Texas Bldg., Dallas, Texas."

On the same day, March 3d, and before the receipt of the carbon copy sent them, White & Yarborough addressed another letter to the Industrial Accident Board, presenting in a more formal manner appellant's claim for a lump sum settlement, making formal demand that the case be set down for hearing on the grounds of a lump sum settlement, and requesting that they be advised by return mail whether the case would be set down. Without awaiting a reply to that communication, and upon receipt of the carbon copy of the letter of March 3d from the board to Spann, above copied, White & Yarborough, as attorneys for appellant, notified the board, the employer, and the insurer that the claimant was not willing and did not consent to abide by the final ruling and decision of the board of the 3d day of March, 1928, and that it would bring suit in the district court of Nolan county to set aside that final ruling and decision of the board. Following this, and on March 8th, the original petition was filed in the district court of Nolan county by White & Yarborough, as attorneys for appellant, to set aside the ruling of the board, and praying for a lump sum settlement, etc. A plea in abatement to this suit on the ground that the cause was still pending before the Industrial Accident Board and that no final ruling and decision in the case had been made by the board was sustained by the trial court, and this appeal followed.

■■ Courts have no jurisdiction of a claim arising under the Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309) unless the Industrial Accident Board has made a final ruling and decision thereon. The only final ruling and decision relied on by appellant is that evidenced by the letter of March 3d, above copied. That was the order from which the appeal was made, and, if it does not evidence a final ruling and decision of the board, then

the claim. is still pending before the board, and the plea in abatement was properly sustained.

To our minds it is clear that, giving to the letter the most liberal interpretation in favor of appellant to which it is susceptible, it amounts to nothing more than a declination to set the case for an immediate hearing. It is analogous to an order of a trial court continuing or postponing a suit pending therein and refusing the request of one of the parties thereto for an immediate trial. That such an order by the trial court is not a final judgment from which an appeal would lie has been settled by the decisions of our courts since as early as the case of Dow & Walsh v. Hotchkiss, 2 Tex. 472.

The principal case relied upon by appellant is a decision by the Commission of Appeals in Oilmen's Reciprocal Ass'n v. Harris, 116 Tex. 247, 288 S. W. 809. That opinion was written upon a certificate from the Court of Civil Appeals showing that the board received, filed, and considered the application. The letter in that case advised the claimant that his request for a hearing was denied for the reason that his claim did not come within the classification of a lump sum settlement, as provided in a certain article of the statutes. In the instant case the board has never considered appellant's claim on its merits. That opinion defines a final judgment from which an appeal will lie in the following language: "A judgment, order, or decree is final when it terminates the then pending suit or proceeding in such manner as to put it out of the power of the court making the same, after the expiration of the term, to place the parties in their original condition; one that disposes of all the issues so that there remains nothing more for the court to do to ascertain the rights of the parties; one that leaves nothing to be judicially determined, but which settles the rights of the parties under the issues made by the pleadings or disposes of the cause and places the parties out of court."

· We agree with the following language taken from appellee's brief: "The sum and substance of the letter, treated in the sense of an order of the board, is that it is preliminary, temporary and conditional in character, inconsistent with none of the rights or relief prayed for by claimants, made in the progress of the case for the purpose of managing the action and to ascertain the facts to the end that the rights of the parties could be considered and finally determined. Whatever there may be in the letter in the nature of a ruling or decision, it is purely interlocutory, relating only to a question of procedure, essentially a matter within the legal discretion of the board, and therefore not final in the sense that it is appealable."

The judgment of the trial court will be affirmed.