## SOUTHERN CASUALTY CO. v. TODD.

### No. 1185—5518.

Commission of Appeals of Texas, Section B.
June 28, 1930.

Bartlett, Brown & Thornton, of Dallas, for plaintiff in error.

White & Yarborough and Clarence Carpenter, all of Dallas, for defendant in error.

SHORT, P. J.

The plaintiff in error, in its application for the writ of error, makes the following correct statement of the nature and result of this suit. The opinion of the Court of Civil Appeals also gives the full statement of the nature and result of the suit. 18 S.W.(2d) 695.

"This is an action begun in the District Court of Dallas County, Texas, by Charles Todd, defendant in error, against Southern Casualty Company, plaintiff in error, as insurer, under the Workmen's Compensation Act to recover his alleged damages for personal injuries resulting in total and permanent disability while in the employ of Southern Produce Company, the insured.

"The Southern Casualty Company had theretofore accepted liability and began paying Charles Todd weekly compensation on April 7, 1928, and was complying with the contract when plaintiff filed his application with the Board for a hearing on a lump sum settlement, alleging total and permanent disability; whereupon said Board declined to set the case for a hearing, as shown by the letter hereinafter set out.

"The pleadings of plaintiff, Charles Todd, in the trial court, were in the usual form in

like cases, and among other allegations, was predicated upon the showing made by him that the ruling and decision of the Industrial Accident Board according to said letter dated August 10th, 1928, addressed to plaintiff's attorney, was such a final ruling and decision as required by law before an appeal therefrom to the courts could be made.

"Said letter is quoted in the opinion of the Court of Civil Appeals, and reads as follows:

"'August 10th, 1928.

" 'N–14196

" 'In Re: Charles Todd vs. Southern Produce Co.

" 'Mr. Clarence Carpenter, Atty., Melba Theatre Building, Dallas, Texas.

" 'Dear Sir:

" 'In reply to your letter of August 6th, I am directed by the Board to state that the Insurance Company is complying with the law according to its records and it therefore declines to set the case for hearing at this time.

" 'Yours very truly,.

" 'Industrial Accident Board,

" 'By————————,

" 'ERB–c                    Secretary.'

"The Southern Casualty Company, defendant in the trial court and plaintiff in error here, pleaded by way of exceptions and special plea to the jurisdiction of said trial court, on the ground that the ruling and decision of the Industrial Accident Board, which was said letter above shown, was not a final ruling and decision of said Board, and was not such a ruling and decision as required by law and upon which an appeal to the court could be predicated.

"The trial court sustained defendant's plea to the jurisdiction of that court, holding that said letter failed to constitute a final ruling and decision of the Industrial Accident Board and dismissed the case, from which judgment plaintiff appealed to the Court of Civil Appeals.

"Upon a hearing in the Court of Civil Appeals that court held that said letter was a final ruling and decision by the Industrial Accident Board, and was such a ruling and decision upon which an appeal to the courts could be made, reversing the judgment of the trial court, whereupon, Southern Casualty Company filed its motion for rehearing, in which motion the particular ruling or decision of that court was attacked."

While there are several assignments presented, each of them relates to the alleged error of the Court of Civil Appeals in holding that the letter of the Industrial Board to Clarence Carpenter, attorney for defendant in error, quoted in the opinion of that court, operated a final adjudication of the matter in controversy, asserting the proposition that the courts have no jurisdiction over a claim arising under the Workmen's Compensation Act until the Industrial Accident Board has made a final ruling and decision on such claim, and further asserting that the setting of a case before the Industrial Accident Board, for a hearing, does not operate as a final decision and ruling, and therefore is not appealable.

In the case of Jones v. Indemnity Insurance Company, 15 S.W.(2d) 1077, 1079, the facts are almost identical with the facts in this case. Chief Justice Hickman, speaking for the Eleventh Court of Civil Appeals in holding that the Industrial Accident Board had not made final ruling and decision by using substantially the same language as was used in this case, in summing up the conclusion reached by that court, adopted, from appellee's brief, the following:

"The sum and substance of the letter, treated in the sense of an order of the board, is that it is preliminary, temporary and conditional in character, inconsistent with none of the rights or relief prayed for by claimants, made in the progress of the case for the purpose of managing the action and to ascertain the facts to the end that the rights of the parties could be considered and finally determined. Whatever there may be in the letter in the nature of a ruling or decision, it is purely interlocutory, relating only to a question of procedure, essentially a matter within the legal discretion of the board, and therefore not final in the sense that it is appealable."

The opinion of the Court of Civil Appeals, written by Associate Justice Vaughan, for the Fifth district of the Court of Civil Appeals, in this case, is in direct conflict with the opinion written by Chief Justice Hickman in the Jones Case; the facts heretofore stated being substantially the same. We have examined both opinions, and have reached the conclusion that the Court of Civil Appeals of the Eleventh district erred in holding as it did. If the opinion in the Jones Case is correct, then the Industrial Accident Board could defer, from time to time, taking any final action on the application, such as was made in this case, and, as there could be no appeal from this procedure, the result would be a denial to the applicant of any means of securing an award from the courts, however clear he might be entitled thereto, under the law and the facts of his case. We think the phrase "The Insurance Company is complying with the law, according to its records," followed by the phrase "Therefore declines to set the case for hearing," conclusively shows that the reason why the Industrial Accident Board declined to set the case for hearing at that time was because it had considered the application made by the applicant, together with the facts presented in support thereof, and had concluded that, because the insurance company was complying with the law, according to the records of the Industrial Accident Board, the applicant had no right to a hearing on his application, so long as this condition of affairs

continued. This action operated a final adjudication of the matter in controversy. The opinion of the Court of Civil Appeals is in all things correct, and the authorities cited in support thereof are sufficient without the citation of additional ones. We think none of the assignments should be sustained, and overrule all of them.

We recommend that the judgment of the Court of Civil Appeals, reversing that of the district court, be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.