## TRADERS & GENERAL INSURANCE COMPANY v. W. M. BAILEY.

No. 6625.   Decided May 13, 1936.
(94 S. W., 2d Series, 134.)

*John P. Simpson,* of Jacksboro, *Lightfoot & Robertson* and *Nelson L. Scurlock,* of Fort Worth, for plaintiff in error.

A compromise settlement agreement approved by the Industrial Accident Board under which insurance company has paid injured employee is a bar to any further claim on the part of the injured employee, in the absence of a showing of fraud, accident or mistake. Lumbermen's Reciprocal Assn. v. Day (Com. App.), 17 S. W. (2d) 1043; Sandoval v. Rosser, 86 Texas, 682; 17 Texas Jur., 134.

*Grindstaff, Zellers & Hutcheson,* of Weatherford, for defendant in error.

Mr. Judge GERMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff in error, Traders & General Insurance Company, will be designated herein as defendant. Defendant in error, W. M. Bailey, will be designated as plaintiff. On September 14, 1931, while in the course of his employment as an employee of Independent Crushed Stone Company, plaintiff was injured. Defendant carried Workmen's Compensation insurance for the employer. Shortly after the injury, and without any order of the Industrial Accident Board, defendant began paying plaintiff compensation at the rate of $7.00 per week. In October, 1931, plaintiff was induced to go to Dallas for an examination by defendant's physician. Certain representatives of defendant made representations to plaintiff as to his condition and the extent of his injury, which representations were found by the jury to be untrue. By reason of these representations, plaintiff suggested that he would settle his claim for $100.00, and an agreement of settlement was signed October 8, 1931. This settlement agreement was transmitted to the Industrial Accident Board, and on October 10, 1931, the Board informally approved same on condition of payment of the $100.00 by defendant. On October 9, 1931, the Board was notified by plaintiff that he was not satisfied with the agreement of settlement and the Board was requested to investigate the matter. Notwithstanding this notification and request, plaintiff, on October 20, 1931, accepted the $100.00 and signed a settlement receipt. October 22, 1931, the Industrial Accident Board set the matter for hearing on November 19, 1931. The purpose of the hearing was to determine, first, whether or not the compromise settlement would be approved; and, second, in the event it was not approved, then the degree of incapacity of plaintiff and the extent of liability of defendant.

On November 19, 1931, the Board, upon a hearing, approved the settlement agreement.

Within due time plaintiff gave notice that he was not willing to abide by the order of the Industrial Accident Board approving the compromise settlement and that he would appeal. Suit was thereupon filed in the District Court of Jack County to set aside the order of the Industrial Accident Board and for recovery of compensation, payable in a lump sum. Judgment of the district court was in favor of plaintiff, setting aside the order of the Board and for compensation at the rate of $7.00 per week for 30 weeks and at the rate of $3.50 per week for 300 additional weeks, with deduction of $128.00 previously paid. The Court of Civil Appeals at first reversed the cause and rendered judgment in favor of defendant. On motion for rehearing the judgment of the district court was affirmed. 62 S. W. (2d) 696.

■ In the recent case of Commercial Casualty Company v. Hilton, 126 Texas, 497, 87 S. W. (2d) 1081, the Supreme Court held that an order of the Industrial Accident Board approving a compromise settlement could not be set aside by an appeal from the action of the Board, but only by an original proceeding brought in some court. While in the present case notice of appeal was given and the parties apparently treated the proceeding as an appeal from the action of the Board, nevertheless, we think that the pleading in the district court was amply sufficient to constitute an equitable action to set aside the compromise settlement; and we treat it as such.

In the Hilton case it was also held that in an action to set aside a compromise settlement the court was without jurisdiction to pass upon the claim for compensation, and it therefore follows that in so far as the judgment in this case attempted to award plaintiff compensation for his injuries it was void. The only question that was litigable in this action was whether or not the compromise settlement should be set aside for alleged fraud, which, according to plaintiff, induced him to make same.

■ The case as regards the right of plaintiff to set aside the compromise settlement is in a peculiar shape. In the original opinion the Court of Civil Appeals held that as plaintiff accepted the $100.00 at a time when he knew he had been deceived by the alleged representations of defendant, and after he had determined that he would not go through with the settlement agreement, he was cut off from his right to set same

aside. From this holding of the court plaintiff has not prosecuted an appeal to this court. Without in any manner receding from this holding, the Court of Civil Appeals on rehearing held that judgment of the trial court should be affirmed. This holding was on the proposition that when an appeal was taken from the action of the Industrial Accident Board the order approving the settlement was vacated, and the question of whether or not it should be approved should then be tried de novo by the district court. It further held that because defendant had failed to have the issue of whether or not the settlement should be approved by the district court submitted to the jury, the defense had been waived, and the effect of the settlement as a defense went out of the case, because it could have no legal effect until it had been approved. The answer to this is that the compromise settlement had been approved by the Industrial Accident Board and no appeal from the order approving same could be had. It was therefore a complete defense to plaintiff's claim for compensation until set aside in the district court by an affirmative action brought by him, and in which his allegations of fraud were established by competent proof.

While the jury found that plaintiff was induced to sign the settlement agreement of date October 8, 1931, by reason of fraudulent representations made to him, yet it is obvious that this agreement was merely tentative. It had no force until it was approved by the Industrial Accident Board and until the payment had been made. The jury further found in answer to special issues that plaintiff was not induced to sign the compromise settlement receipt of date October 20, 1931, by reason of any fraudulent representation made to him. The jury also found that at the time plaintiff accepted payment of $100.00, he believed that he was injured worse than the representatives of defendant had advised him he was injured, and further found that when he accepted the $100.00 he had decided and determined that he would not go through with the compromise settlement agreement.

■ It is sufficient to say without citation of authorities that under these findings plaintiff was not entitled to set aside the settlement after approval by the Industrial Accident Board. It is fundamental that one who seeks to rescind an agreement because of fraudulent representations must show that he relied upon such representations and that same induced him to execute the agreement. The Court of Civil Appeals was therefore correct in its first opinion reversing and rendering the cause,

and its holding on motion for rehearing was, as shown above, clearly erroneous.

The judgments of the trial court and of the Court of Civil Appeals are hereby set aside and judgment is here rendered in favor of plaintiff in error, Traders & General Insurance Company.

Opinion adopted May 13, 1936.