**VERRETT v. TEXAS EMPLOYERS' INS. ASS'N.**

No. 4622.

Court of Civil Appeals of Texas. Beaumont.

July 28, 1949.

Rehearing Denied Sept. 21, 1949.

W. T. Briggs, Pt. Arthur, for appellant.

Marcus & Weller, Beaumont, for appellee.

R. L. MURRAY, Justice.

Appellant, L. C. Verrett, filed claim with the Industrial Accident Board of the State of Texas, claiming compensation under the Texas Act, Vernon's Ann.Civ.St. art. 8306 et seq., on account of an injury allegedly received by him on May 17, 1948 while in the employment of Gulfport Shipbuilding & Drydock Corporation. The date on which the claim was filed is not otherwise shown, though appellant alleged in his petition filed in the District Court that he filed such claim "on or about August 28, 1948". The Statement of Facts shows that the medical report of appellant's doctor and his affidavit in support of his claim were filed with the Board on November 9, 1948.

Prior to the filing of such claim with the Board appellee had begun weekly payments to appellant under the Federal Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C.A. § 901 et seq., and after appellant filed his claim with the State Board, there was filed a "notice to the Deputy Commissioner that payment of compensation has begun without awaiting award", this notice showing that appellee had started payments under the Federal Act on May 31, 1948.

On November 29, 1948, Mr. Hugh A. Voris, Deputy Commissioner administering the said Federal Act, with office at Galveston, Texas, wrote a letter, a copy of which was sent to the State Board and received November 30, 948, advising the State Board that appellee, the insurance carrier under the Federal Act, had made sixteen (16) payments under that Act, and that in his opinion the case was one for adjustment under the Longshoremen's and Harbor Worker's Compensation Act, and cited certain court decisions as the basis for his opinion.

Thereafter, on December 9, 1948 the State Board made an order with respect to appellant's claim reciting that it appeared to the Board that the claim came under the Federal Act and that: "Therefore, this Board is without jurisdiction and claim is cancelled from the docket of set cases of the Board without further action."

Then on December 21, 1948, the State Board modified the order of December 9, 1948 by stating the following: "That the last sentence in paragraph 2 does not convey the correct meaning, and is therefore stricken from said award, and the following substituted therefor and in lieu thereof: Therefore, this Board is without jurisdiction, and this claim is dismissed and no further action thereon will be taken by this Board." That award of December 9th, 1948, as reformed, corrected and changed by this supplemental award is in all things sustained, ratified and confirmed.

Appellant filed notice of appeal therefrom on December 28, 1948 and on January 7, 1949 filed this suit in the District Court of Orange County, Texas.

Appellee in due course filed its plea to the jurisdiction of the District Court, asserting that the District Court was without jurisdiction to hear and determine the suit, for two reasons: (1) that there was not a final award of the State Board from which an appeal could be prosecuted; (2) that in any event, the case was not one coming under the State Act but only under the Federal Act.

On March 31, 1949, the District Court rendered and entered an order reciting that the order of the Industrial Accident Board from which this suit was an appeal, was not a final ruling, decision and award, and that the District Court was without jurisdiction; the court specifically made no ruling regarding the applicability of the Federal Act, but sustained the plea on the first point and dismissed the suit, to which appellant excepted and perfected his appeal to this court.

The one point upon which appellant brings his appeal is that the District Court erred in holding that the ruling of the Industrial Accident Board on December 9, 1948, and as amended on December 21, 1948, was not a final award from which an appeal to the District Court could be taken.

The Industrial Accident Board, in dismissing appellants' claim from its docket, was not simply making a preliminary order, as it does frequently in hernia cases. It was not simply passing on a preliminary question of law. In determining that appellants' claim was covered by the Federal Longshoremen's and Harbor Worker's Compensation Act, rather than the State Workmen's Compensation Law, the Board necessarily passed upon the facts of the claim. When it decided, from the facts before it, that the Federal and not the State Act applied, it made as final an award against the appellant as it would have made if it had held that the claimant was not injured in the course of his employment, or if it had held that the insurance company was not the carrier of his employer. In each of such cases, such holdings are final awards from which an appeal would lie to the District Court. We believe that the order of the Board was a final award, and that the trial court was in error in sustaining appellee's plea in abatement and holding to the contrary.

The wording of the opinion of the Supreme Court in the case of Industrial Accident Board v. Glenn et al., 144 Tex. 378, 190 S.W.2d 805, 807, cited by the appellee, indicates that it is not settled that the writ of mandamus is available to the appellant in this case, or that such a remedy is his only remedy in a case like this. There the opinion uses the words, "It may be conceded, *without deciding,* that the writ of mandamus is available to the parties in interest for the purpose of compelling the Industrial Accident Board to proceed to hear and determine a claim for compensation on the refusal of the Board to act, but this is not the purpose of this suit."

The District Court will have to pass on the law as applied to the facts of this case and determine therefrom whether the state act or the federal act applies, which question is raised by the second portion of appellee's plea in abatement. As we view it, the matter of jurisdiction of the Board in

such a claim as this presents a mixed question of law and fact, and a determination thereof adversely to the claimant, as was done by the Board in the claim of appellant Verrett, was a final award.

The judgment is reversed and remanded.