CORDOVA v. ASSOCIATED EMPLOYERS LLOYDS.

No. 15353.

Court of Civil Appeals of Texas. Fort Worth.

June 6, 1952.

Rehearing Denied Sept. 12, 1952.

Frank R. Graves and T. Young Collins, both of Fort Worth, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch and Emory Cantey, all of Fort Worth, for appellee.

RENFRO, Justice.

The plaintiff below, John Cordova, appellant herein, sustained an injury on August 25, 1950, while working at Armour and Company. He returned to work thereafter and on December 21st sustained another injury while working for the same employer and while on the same job. On December 27, 1950, the appellant and Associated Employers Lloyds, appellee, compensation carrier for the employer, entered into a compromise settlement agreement wherein the appellant was to receive $350 upon approval of the compromise settlement by the Industrial Accident Board. Of the agreed amount, $75 was paid to appellant and accepted by him at the time of the settlement. In the compromise agreement appellant released all claims for the December 21st injury and all claims that he then had or might thereafter have by reason of that injury or any injury that he had sustained prior to the date of the instrument.

On January 3, 1951, appellant's attorney wrote a letter to the Board for forms in regard to the August injury. On January 8, 1951, the Industrial Accident Board approved the compromise settlement agreement in the amount of $350. Immediately after receiving notice of the Board's approval of the compromise settlement agreement, appellee forwarded its check to appellant for the balance of the $350 settlement, but he did not cash it.

By letter dated January 19, 1951, appellant informed the Board he would not abide by the ruling and decision made on the 8th of January.

Appellant has not filed a suit in any court seeking to set aside the compromise settlement agreement entered into on December 27, 1950.

On February 7, 1951, appellant filed a petition in the 48th District Court of Tarrant County in Cause No. 59563–A, in the usual and customary form for workmen's compensation, claiming total and permanent

disability by reason of the injury of December 21, 1950, and he filed in the same district court, on August 22, 1951, Cause No. 60727–A, seeking compensation for total and permanent disability by reason of the injury of August 25, 1950. The first suit filed alleged he was appealing from a final ruling, decision and award made on January 8, 1951, and the second suit that he was appealing from a final ruling, decision and award entered on July 30, 1951.

The appellee filed motion for summary judgment in each case, on the grounds that appellant's claims had been settled by compromise settlement agreement, duly approved by the Industrial Accident Board, and as a consequence the district court did not have jurisdiction to try the two causes of action. At the hearing on appellee's motion for summary judgment, the two causes were consolidated and judgment entered that plaintiff take nothing.

Appellant contends the court erred in rendering judgment that he take nothing in Cause No. 60727–A, in Cause No. 59563–A, and in the consolidated causes of action.

█ █ We overrule the points of error. The Board's approval of a compromise agreement is not an award of compensation, nor is it an order denying compensation. The district court has no jurisdiction to pass upon a claim for compensation unless its jurisdiction is invoked by an appeal from an order of the Industrial Accident Board, either denying or awarding compensation. Therefore, the appellant was not entitled to prosecute his two suits for compensation without having brought an original proceeding in a court of competent jurisdiction to set aside the compromise settlement agreement. Commercial Casualty Ins. Co. v. Hilton, 126 Tex. 497, 87 S.W.2d 1081; Traders and General Ins. Co. v. Bailey, 127 Tex. 322, 94 S.W.2d 134; Texas Employers Insurance Association v. Kennedy, 135 Tex. 486, 143 S.W.2d 583; Caffey v. Aetna Casualty & Surety Co., Tex.Civ.App., 219 S.W.2d 530; 45 Tex. Jur., p. 702, sec. 238, and authorities cited in footnote 4.

█ The appellant assigns as error the action of the court in consolidating the two causes of action. Rule 174, Texas Rules

Civil Procedure, expressly provides for consolidation when actions involve a common question of law or fact. The compromise settlement agreement was a bar to appellant's recovery in both actions and was therefore a question of law common to both causes of action. Inasmuch as the court had no jurisdiction to try either case, the appellant was not harmed by the action of the court in disposing of the two cases in one order. In addition, appellant's original pleadings in both suits and his communications with the Board treated the December 21st injury a continuation and aggravation of the August injury. We think the trial court did not abuse his discretion in consolidating the two causes of action.

█ █ At the hearing on the motion for summary judgment, appellant asked leave to file an amended petition in cause No. 59563–A, in which he abandoned his plea for permanent and total disability for the December 21st injury but asked for twenty-six weeks' compensation from and after December 21, 1950, and $500 expenses for hospitalization and surgery; and, in the alternative, asked that the compromise settlement agreement be canceled and rescinded. The court refused permission to file and appellant contends the court erred in such refusal.

As amended, appellant's petition was still an action for compensation. The compromise settlement agreement could only be set aside by an original proceeding in a court of competent jurisdiction. The court could not, in one suit, pass on the claim for compensation and the claim for cancellation of the compromise settlement agreement. See above authorities. We overrule the point of error.

If the appellant has valid grounds upon which to set aside the compromise settlement agreement of December 27, 1950, he still has available to him the right to file an original proceeding in a district court to set aside said agreement.

The trial court having correctly held that it had no jurisdiction to try appellant's compensation claim until and unless the compromise settlement agreement is set aside, we affirm its judgment.