### Earle R. BROWN, Appellant,

v.

### TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

#### No. 15591.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 18, 1955.

Rehearing Denied March 18, 1955.

Marshall, King & Jennings, Frank Jennings, Jr., Graham, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, Emory Cantey, Fort Worth, for appellee.

MASSEY, Chief Justice.

This is an appeal from a summary judgment in a workmen's compensation case, entered in behalf of the Texas Employers' Insurance Association and against the claimant, Earle R. Brown, whose suit for compensation was premised upon disability resulting from injuries sustained by him on December 13, 1952, while working for the Basin Drilling Company.

Reversed and remanded for trial on the merits.

The same claimant had sustained injuries resulting in disability, while in the service of the same employer, on date of May 18, 1952. He filed a claim against his employer's insurer before the Industrial Accident Board on account thereof, and an appeal was taken from the Board's award into the District Court of Jack County, Texas, and on May 20, 1953, he entered into a settlement (of his suit based upon his claim) with the insurer, subject to the approval of the District Court, for $4,000 in a lump sum. On said date the court approved the settlement and entered judgment to that effect. The agreed judgment so entered disposed of the claim that Brown had because of his disability from injuries sustained May 18, 1952, and it is the contention of the Texas Employers' Insurance Association that the judgment also disposed of the claim Brown had because of his disability from injuries sustained December 13, 1952.

At the time the judgment was entered only a period of approximately five months had expired since the date the claimant sustained injuries in the accident of December 13, 1952, and though the Employers' Report of Injury was on file with the Industrial Accident Board, under a new case number in its files, the claimant had not yet filed any claim for compensation because of any disability resultant from such injuries. Not long after the entry of the judgment—and indeed on the last day of the six-month period from date of the second injury—claimant filed with the Board a claim for compensation because thereof. In substance, the claim alleged that his injuries on December 13, 1952, aggravated the injuries and conditions resultant on account of the accident on May 18, 1952, and increased or enhanced the disability sustained by him as result of the first accident.

Following receipt of the new claim, the Industrial Accident Board set the same for a hearing on August 4, 1953, but later passed such hearing, and subsequently, on October 28, 1953, wrote the claimant's attorney that " * * * this Board has no further jurisdiction in this case. On May 20, 1953 an agreed judgment was filed in this office which was in final settlement of both cases that this claimant had pend-

ing before this Board, L–32889 and M–31022. It is plainly stipulated in the judgment that said judgment covered both claims."

■ The claimant treated this letter as a final and appealable order of the Industrial Accident Board, from which he proceeded as in other cases to perfect. We are of the opinion that he was correct in so treating the letter. It was the first instance of record where it appears that the Board ruled that Brown's claim was a claim which was disposed of. It was a final and appealable order of the Industrial Accident Board, from which the claimant was privileged to perfect an appeal to the District Court of Jack County. See 16 Words and Phrases, Final Order, P. 786; 39A Tex.Dig., Workmen's Compensation, ■ ■ 45 Tex.Jur., p. 765, "Workmen's Compensation", sec. 276, "Awards and Orders Appealable"; Oilmen's Reciprocal Ass'n v. Harris, 1926, 116 Tex. 247, 288 S.W. 809.

The District Court of Jack County assumed jurisdiction, received and filed a motion for summary judgment advanced by the defendant insurer, set the same down for hearing, and upon the hearing, granted the motion and entered a "take nothing" judgment in behalf of the insurer. The single ground for the motion, and the single ground upon which summary judgment was entered, was that the agreed judgment entered by the same court on May 20, 1953, had settled and disposed of any claim based upon injury and disability resultant from the accident on December 13, 1952, as well as that based upon and resultant from the accident on May 18, 1952.

If the trial court—on date it entered the agreed judgment of settlement—had no jurisdiction to act in relation to any controversy resultant between the parties on account of the accident of December 13, 1952, then the agreed judgment could not have foreclosed any claim and suit based thereon. Of course, it would seem that perhaps all three parties to the contract

and judgment of May 20, 1953, were laboring under a mutual mistake, pursuant to which the settlement contract was entered into, approved, and judgment entered. But that is not a question presented for any decision and action on our part upon this appeal. Both parties on the appeal treat such as a final judgment.

■ We believe that on May 20, 1953, the District Court of Jack County had no jurisdiction to do anything whatever affecting the existing or potential rights of the parties growing out of the accident of December 13, 1952. Of course, claimant had not filed his claim for compensation with the Industrial Accident Board at that time, and an analysis of just what jurisdiction the Board then might or might not have had as result of having only the Employers' Notice of Injury as to such accident on file would be extremely interesting. But such analysis here would be pointless. The law is well settled that the District Court of Jack County did not have any jurisdiction. If claimant and insurer, on May 20, 1953, had wanted to settle any existing or potential claims accruing to claimant on account of the accident of December 13, 1952, they could effect such a settlement only by petition to, and permission and consent of, the Industrial Accident Board. This was never done nor agreed to be done. At the time the District Court of Jack County had only a limited jurisdiction, such limited jurisdiction relating only to the existing claims flowing from the accident of May 18, 1952, in conformity with the jurisdiction of the Industrial Accident Board on the same matter prior to the time the appeal was perfected. Employers' Indemnity Corporation v. Woods Tex.Civ.App., Beaumont 1921, 230 S.W. 461, affirmed Tex.Com.App., 243 S.W. 1085, in an interesting discussion by the Commission of Appeals; Brannam v. Texas Employers' Ins. Ass'n, 1952, 151 Tex. 210, 248 S.W.2d 118; Hart v. Gulf Casualty Co., Tex.Civ.App., Fort Worth, 1943, 170 S.W.2d 491, reversed on other grounds 141 Tex. 642, 175 S.W.2d 73; 45 Tex.Jur., pp. 779 to 786, secs. 282, 283, and 284, under "Workmen's Compensa-

tion"; 39A Tex.Dig., Workmen's Compensation, ▮

The claim based upon the accident of December 13, 1952, was different subject matter.

Since the District of Jack County had no jurisdiction of the claim which is the subject matter of the instant suit until a date subsequent to May 20, 1953, the date on which agreed judgment was entered, no act on the court's part pursuant to the judgment so entered had any effect upon the claimant's right to have the Industrial Accident Board proceed to hearing and final award upon his claim as later filed, or, after the perfection of an appeal therefrom into a court of competent jurisdiction, upon his right to have a trial of the issues posed by his suit in the same manner as would have been afforded had he never had a prior case in any court.

Judgment reversed, and cause remanded for trial on the merits.