**Fred B. THOMPSON, Appellant,**

v.

**MIDWESTERN INSURANCE COMPANY**
and Tri-State Insurance Company of
Tulsa, Oklahoma, Appellees.

No. 7184.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 15, 1962.

Merchant, Fitzjarrald, Poole & Merchant, Amarillo, for appellant.

Clayton, Martin & Harris, Amarillo, for appellees.

NORTHCUTT, Justice.

This is a workmen's compensation case. The original claim in this case was filed by an attorney from New Mexico. The same attorney filed a case in the State of New Mexico and at the same time wrote the Texas Industrial Accident Board informing and advising the Board that Mr. Thompson, appellant here, did not wish to have the Board hear or adjudicate his claim. The case filed in New Mexico was dismissed for lack of jurisdiction. A hearing was had by the Texas Industrial Accident Board and after such hearing, entered the following order; "The Board finds that there is no valid and subsisting notice of injury and claim for compensation presently before the Texas Industrial Accident Board. Therefore, this Board is without jurisdiction and no further action will be taken."

From such order the appellant gave notice of appeal in due time and filed his law suit in the 47th District Court in and for Potter County, Texas. The appellees here, defendants in the trial court, filed their answer which included a motion to dismiss on the basis that the trial court had no jurisdiction. The trial court sustained the motion and dismissed the case for want of jurisdiction. From this order the appellant perfected this appeal.

The sole question here involved is whether the order entered by the Industrial Accident Board was such a final order from which an appeal to the district court would lie and if the trial court erred in dismissing the appeal for want of jurisdiction.

We do not know whether the Board entered its order because appellant had not claimed an accident or that appellant had abandoned his claim and filed another claim, but under any theory we do not believe the trial court had jurisdiction to determine the amount of compensation to be awarded an injured employee until such issue has first been passed by the Industrial Accident Board, Tally v. Texas Employers' Ins. Ass'n, 129 Tex. 134, 102 S.W.2d 180; Hartford Accident & Indemnity Co. v. Christensen et al., Tex.Civ.App., 223 S.W.2d 45 (reversed by Sup.Ct., 149 Tex. 79, 228 S.W.2d 135 but not as to the point here involved) and the many cases there cited.

It is stated in the case of Cordova v. Associated Employers Lloyds, Tex.Civ.App., 250 S.W.2d 945 (writ refused) as follows:

"We overrule the points of error. The Board's approval of a compromise agreement is not an award of compensation, nor is it an order denying compensation. The district court has no jurisdiction to pass upon a claim for compensation unless its jurisdiction is invoked by an appeal from an order of the Industrial Accident Board, either denying or awarding compensation. Therefore, the appellant was not entitled to prosecute his two suits for compensation without having brought an original proceeding in a court of competent jurisdiction to set aside the compromise settlement agreement. Commercial Casualty Ins. Co. v. Hilton, 126 Tex. 497, 87 S.W.2d 1081; [89 S.W. 2d 1116]; Traders and General Ins. Co. v. Bailey, 127 Tex. 322, 94 S.W.2d 134; Texas Employers Insurance Association v. Kennedy, 135 Tex. 486, 143 S.W. 2d 583; Caffey v. Aetna Casualty & Surety Co., Tex.Civ.App., 219 S.W.2d 530; 45 Tex.Jur., p. 702, sec. 238, and authorities cited in footnote 4."

The court further stated as follows:

"As amended, appellant's petition was still an action for compensation. The compromise settlement agreement could only be set aside by an original proceeding in a court of competent jurisdiction. The court could not, in one suit, pass on the claim for compensation and the claim for cancellation of the compromise settlement agreement. See above authorities. We overrule the point of error.

"If the appellant has valid grounds upon which to set aside the compromise settlement agreement of December 27, 1950, he still has available to him the right to file an original proceeding in a district court to set aside said agreement.

"The trial court having correctly held that it had no jurisdiction to try appellant's compensation claim until and unless the compromise settlement agreement is set aside, we affirm the judgment."

We believe the Industrial Accident Board was authorized to believe and hold since appellant's attorney had informed the Board that appellant did not wish to have the Board hear or adjudicate his claim; that the claim had been abandoned and it had no further jurisdiction in the matter. There was no original proceedings brought to have the Board take jurisdiction and pass upon the compensation question, and the trial court had no jurisdiction to pass upon a claim for compensation until the Board had either denied or awarded compensation. The holding of the Board that it did not have jurisdiction is merely stating it had no right to act and in no manner passed upon the question of compensation. The judgment of the trial court is affirmed.