**Charlie E. HART, Appellant,**

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

**No. 7435.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 15, 1965.

Rehearing Denied March 8, 1965.

A. W. Salyars, Lubbock, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a workman's compensation case. Charlie E. Hart, appellant here, was injured on July 8, 1955, and notified proper persons of his injury and filed his claim with the Industrial Accident Board of Texas. Thereafter the Industrial Accident Board refused to take any action on Hart's claim contending it did not have jurisdiction. Hart appealed from the decision of the Board and made Texas Employers Insurance Association, the insurance carrier, party defendant. Hart will hereafter be referred to as plaintiff and Texas Employers Insurance Association as defendant.

Defendant filed its motion for a summary judgment. The plaintiff did not file any sworn pleadings to offset or deny the facts alleged in defendant's sworn motion for summary judgment. Consequently, we take such allegations as true. Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236 (N.R.E.). For the facts and as to matters presented to the trial court, we set out a portion of defendant's motion for summary judgment as follows:

"The date of the claimed injury is July 8, 1955. Defendant commenced the payment of weekly compensation, which was suspended August 15, 1955, because plaintiff had resumed work, and report of suspension of payment, bearing date September 7, 1955, was received by the Industrial Accident Board of Texas September 9, 1955. Plaintiff made claim for compensation to the Industrial Accident Board of Texas, which claim, bearing date of September 20, 1955, was received by the Board on September 29, 1955, and in support of his claim plaintiff submitted to the Board a supporting statement, signed by his attorney, which, bearing date of October 25, 1955, was received by the Board on October 26, 1955. The Board scheduled plaintiff's claim for hearing November 29, 1955; but on December 14, 1955, the Board gave notice that the hearing previously scheduled was canceled because plaintiff had not filed medical in support of his claim. Plaintiff did not thereafter pursue his claim before the Board until November 8, 1963, on which date plaintiff's attorney addressed to the Board a letter, received by the Board on November 12, 1963, in which he requested that his claim be set for hearing. To this request the Board made reply by letter to plaintiff's attorney, dated November 14, 1963, saying:

" 'The Industrial Accident Board has jurisdiction over a claim only 401 weeks from date of injury. Since this period has expired in the above styled case, the Board will be unable to assist you and your client.'

In maintaining this suit, plaintiff attempts to characterize the Board's letter of November 14, 1963, as an award or decree for which he is entitled to maintain an appeal.

"Defendant is entitled to summary judgment either that plaintiff take nothing or that the suit be dismissed for want of jurisdiction because:

"(a) The Board's letter of November 14, 1963, is not an award or decree from which an appeal is authorized by the statute;

"(b) The Board correctly concluded that, after the expiration of 401 weeks from the date of the claimed injury, it was without further jurisdiction, and, if the Board be without jurisdiction, this court is likewise without jurisdiction; and

"(c) Further the complete failure to pursue his claim for the period of almost eight years intervening between the Board's order of December 14, 1955, canceling the hearing, and the November 8, 1963, letter of plaintiff's counsel amounts to an abandonment of the original claim, so that plaintiff stands here as if no claim for compensation had ever been filed at all.

"Defendant has deposited with the clerk of this court what is certified by C. F. Boyd, Secretary of the Industrial Accident Board of the State of Texas, as a full and correct copy of the Board's entire file in the matter identified as 0–45686, Charlie E. Hart, employee, v. United Carbon Co., Inc., employer, and an additional copy of said same file, similarly certified, is served upon plaintiff's counsel with his copy of this motion. The fact statements above made, and on which are founded the legal conclusions here stated, find their complete support in the certified copies so filed and served."

The trial court entered judgment sustaining defendant's motion for summary judgment and ordering plaintiff's suit be dismissed for want of jurisdiction. From that judgment plaintiff perfected this appeal. The plaintiff presents this appeal upon five points of error contending the court erred in entering summary judgment

thereby holding as a matter of law the jurisdiction of the Board over plaintiff's claim terminated at the expiration of 401 weeks from date of alleged injury; plaintiff, as a matter of law, abandoned his claim before the Board; that the Board's letter of November 14, 1963, was not a final decision from which claimant was entitled to appeal to the district court and, as a matter of law, the district court did not have jurisdiction of plaintiff's suit as alleged in his original petition.

The provisions as to an appeal from the action of the Industrial Accident Board provide that any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall file with said Board that he will not abide by said ruling and decision. We think the effect of the letter written to the plaintiff by the Industrial Accident Board holds that it could not make a final ruling or decision as to plaintiff's claim because it did not have jurisdiction to so act. At any rate, the Board has made no final award fixing the compensation to which the plaintiff might be entitled nor denying him compensation. These questions must first be passed upon by the Board before an appeal may be taken to the courts. Industrial Accident Board of Texas v. Hudson, Tex.Civ.App., 246 S.W. 2d 715. Mandamus was a proper order in that case.

It is stated in the case of Cordova v. Associated Employers Lloyds, Tex.Civ. App., 250 S.W.2d 945 (writ refused) as follows:

"We overrule the points of error. The Board's approval of a compromise agreement is not an award of compensation, nor is it an order denying compensation. The district court has no jurisdiction to pass upon a claim for compensation unless its jurisdiction is invoked by an appeal from an order of the Industrial Accident Board, either

denying or awarding compensation. Therefore, the appellant was not entitled to prosecute his two suits for compensation without having brought an original proceeding in a court of competent jurisdiction to set aside the compromise settlement agreement. Commercial Casualty Ins. Co. v. Hilton, 126 Tex. 497, 87 S.W.2d 1081 [89 S.W.2d 1116]; Traders and General Ins. Co. v. Bailey, 127 Tex. 322, 94 S.W.2d 134; Texas Employers Insurance Association v. Kennedy, 135 Tex. 486, 143 S.W.2d 583; Caffey v. Aetna Casualty & Surety Co., Tex.Civ.App., 219 S.W.2d 530; 45 Tex.Jur., p. 702, sec. 238, and authorities cited in footnote 4."

See also Industrial Accident Board v. Glenn, 144 Tex. 378, 190 S.W.2d 805, where it is stated:

"The jurisdiction of the courts in suits involving workmen's compensation is appellate in character, even though the trial in such cases is de novo. It must be shown, among other things, that the Industrial Accident Board has made a final award on a claim for compensation before the jurisdiction of the courts can be invoked. Tally v. Texas Employers' Insurance Association, Tex.Com.App., 48 S.W.2d 988; Petroleum Casualty Co. v. Webb, 127 Tex. 91, 92 S.W.2d 236. It may be conceded, without deciding, that the writ of mandamus is available to the parties in interest for the purpose of compelling the Industrial Accident Board to proceed to hear and determine a claim for compensation on the refusal of the board to act, but this is not the purpose of this suit. It is sought here to compel the board to act on a claim filed before it in a specific manner. In a word, the parties seek to control the discretion or judgment of the board and thereby avoid the necessity of procuring from the board a final

award and an appeal therefrom. The equitable remedy of a writ of mandamus is not available as a substitute for a legal remedy provided by law. Navarro County v. Tullos, Tex.Civ. App., 237 S.W. 982 (writ refused). Thus it indisputably appears that the parties have not exhausted their rights before the Industrial Accident Board provided by the Workmen's Compensation Act. There being no final award by the board on the claim for compensation filed by Glenn, the parties have not the right to invoke the jurisdiction of the district court until they have exhausted the rights given them by the workmen's compensation law."

When the Board herein refused to do anything because of lack of jurisdiction it refused to hold a hearing and make a final determination or decision either granting or refusing the plaintiff's claim for compensation. The plaintiff was without any other remedy than to bring mandamus proceedings to have determined the jurisdictional question and to compel the Board to set a date for hearing his claim and to hear and make a final determination thereof if the Board had jurisdiction. Kelly v. Industrial Accident Board, Tex.Civ.App., 358 S.W.2d 874 (writ refused).

We are of the opinion, and so hold, that the Industrial Accident Board has never made a ruling or decision upon the claim of the plaintiff as to authorize the plaintiff to appeal to the district court but has merely ruled that it could not do so because it did not have jurisdiction. The sole question then to be determined, if an appeal was proper, would be the jurisdictional question. It would still be necessary for the Board to pass upon plaintiff's claim. We hold the letter here in question was not such ruling or decision by the Board as would authorize an appeal to the district court.

Judgment of the trial court is affirmed.