**EMPLOYERS REINSURANCE CORPO-
RATION, Petitioner,**

v.

**Jesse J. HOLT, Respondent.**

**No. A–10959.**

Supreme Court of Texas.

Dec. 7, 1966.

Rehearing Denied Feb. 8, 1967.

R. H. Whilden and N. E. Nadeau, Houston, for petitioner.

Dixie & Schulman, Robert E. Hall, with above firm, Houston, for respondent.

POPE, Justice.

This is a Workmen's Compensation case and the controlling question is whether the order of the Board was a final ruling and decision as required by Section 5, Article 8307, Vernon's Ann.Tex.St. before an order on a claim may be appealed. The trial court held that the Board order was not final and dismissed the appeal for lack of jurisdiction. The Court of Civil Appeals held that the order was final and appealable. 393 S.W.2d 329. We affirm the judgment of the Court of Civil Appeals.

Jesse J. Holt injured his finger on March 8, 1955. He timely filed his notice and claim with the Industrial Accident Board. In May 1955, the Board wrote Holt that it required a medical report in support of the claim, and that it would await further advice from him. Nothing was done for a period of more than eight years. In November 1963, Holt wrote the Board and

asked that the claim be set for a hearing. On November 26, 1963 the Board wrote the following letter which Holt treated as a final appealable order:

"This will acknowledge your letter dated November 6, 1963, in which you requested this case along with another case for the claimant to be scheduled for a hearing.

"Since the courts have held that this Board is without jurisdiction to act on a claim after a period of 401 weeks following the date of the injury, this Board has no jurisdiction over Mr. Holt's claim for an accident occurring to him March 8, 1955. You may consider this the final action of this Board."

■ The order was erroneous in that it stated the Board was powerless to act on a claim after a period of 401 weeks following the date of injury. In Texas Emp. Ins. Ass'n v. Guidry, 128 Tex. 433, 99 S.W. 2d 900 (1937) it was held that the Board may not allow compensation for incapacity which extends beyond the end of the compensation period. Holt's claim was for compensation for disability which occurred within the statutory compensation period, but it was not acted upon until after that time had expired. The Board's jurisdiction over a claim for compensation for disability which occurred within the compensable period is not lost because the claim is not acted upon until after the end of the compensable period.

■ The real point in this case, however, is whether the order of the Board was a final ruling. The order shows that the Board, though for an erroneous reason, intended it as its final order. It reserved nothing for further decision. So far as the Board was concerned, it was through with all phases of the claim. Texas State Highway Department v. Fillmon, Tex.Civ. App., 236 S.W.2d 635, affirmed 150 Tex. 460, 242 S.W.2d 172 (1951); Southern Casualty Co. v. Todd, 29 S.W.2d 973 (Tex.

Com.App.1930, judg. adopted); Indemnity Insurance Company of North America v. Marshall, 308 S.W.2d 174 (Tex.Civ.App. 1957, writ ref. n. r. e.); Brown v. Texas Emp. Ins. Ass'n, 276 S.W.2d 314 (Tex.Civ. App.1955, writ ref. n. r. e.); Verrett v. Texas Emp. Ins. Ass'n, 223 S.W.2d 33 (Tex.Civ.App.1949, no writ).

Prior to 1930 there was some confusion in the law with respect to the finality of Board orders which determined it lacked jurisdiction over a claim. This court granted a writ in Southern Casualty Co. v. Todd, supra, because on this issue, there was a conflict between the opinion of the intermediate court and Jones v. Texas Indemnity Ins. Co., 15 S.W.2d 1077 (Tex.Civ. App.1929, writ ref.). While the Board letter in *Todd* comes close to being one in which the Board simply stated it would not proceed, the court in overruling *Jones* held that a Board order which declares that the Board lacks jurisdiction is nevertheless a final and appealable order. From that time until the recent decisions in Thompson v. Midwestern Ins. Co., 361 S.W.2d 720 (Tex.Civ.App.1962, no writ) and Hart v. Texas Emp. Ins. Ass'n, 387 S.W.2d 706 (Tex.Civ.App.1965, writ ref. n. r. e.) the Board and the courts have proceeded upon the rule that a Board order that it lacked the power to act was a final decision. In Oilmen's Reciprocal Ass'n v. Harris, 116 Tex. 247, 288 S.W. 809 (1926), holding an order of the Board was final though there had been no hearing on the merits, the Supreme Court wrote: "It is not required, to be final, that the adjudication actually be upon the merits of the case, provided the decision does, in effect, preclude the court from a further consideration of the rights of the parties and puts an end to the then controversy." This common-sense construction has been consistently followed.

The Supreme Court later expressed itself again in Tex.Civ.App., Texas State Highway Department v. Fillmon, 236 S.W.2d 635, affirmed 150 Tex. 460, 242 S.W.2d

172 (1951). The Board dismissed Fillmon's claim because he

"* * * failed to establish * * * that claim was filed within six months as provided by law or that good cause existed for delay in filing to the date it was filed. Therefore, the *Board is without jurisdiction* and claim is dismissed from the docket of said cases of the Board without further action." (Emphasis added).

One of the questions on appeal was whether the order was final and appealable. The Court of Civil Appeals held that "The effect of this ruling by the Board was to deny appellee compensation. In our opinion, the order was a final ruling on appellee's claim as contemplated by the Statute and was appealable." 236 S.W.2d 635 (1951). The Supreme Court affirmed, using substantially the same language.

In Indemnity Insurance Company of North America v. Marshall, 308 S.W.2d 174 (Tex.Civ.App.1957, writ ref. n. r. e.) a claimant had filed a claim first with the Board and then later with the Federal Bureau of Employee's Compensation. Some time later the Board wrote the claimant that it had no jurisdiction over his claim. There was no mention of the Board's granting or denying the claim on the merits. The order which held that the Board lacked jurisdiction was a final and appealable ruling or decision. The order was:

"The hearing for this claim is canceled because:

"(3) This claim is one coming under the jurisdiction of the U.S. Dept. of Labor, Bureau of Workmen's Compensation.

\* \* \* \* \* \*

"This is the final award of the Board. If you are dissatisfied with this award and desire to appeal it, you must give the board written notice within 20 days from the date this award is entered * *"

Brown v. Texas Emp. Ins. Ass'n, 276 S.W.2d 314 (Tex.Civ.App.1955, writ ref.

n. r. e.) is another example of a final Board order which was grounded on the absence of jurisdiction. Claimant sustained one injury on May 18, 1952 and another on December 13, 1952. He filed only one claim and it was on the first injury. Claimant settled the first claim six months after he sustained the second injury and then filed a claim with the Board on the second injury. He said that the second injury increased the disability sustained by him in the first injury. The Board followed Oilmen's Reciprocal Ass'n v. Harris, supra, and held that it had no jurisdiction over the second claim but did not directly pass upon the merits. The intermediate court held that this order "was a final and appealable order of the Industrial Accident Board, from which the claimant was privileged to perfect an appeal to the District Court * * *:"

"* * * this Board has no further jurisdiction in this case. On May 20, 1953 an agreed judgment was filed in this office which was in final settlement of both cases that this claimant had pending before this Board * * *."

In Verrett v. Texas Emp. Ins. Ass'n, 223 S.W.2d 33 (Tex.Civ.App.1949, no writ), claimant filed an application with the Board for compensation for injuries sustained while working in a shipbuilding company. Prior to filing his claim with the Board, claimant started receiving compensation payments under the Federal Longshoremen's and Harbor Workers' Compensation Act. Thereafter the Board made an order in which it said:

"Therefore, this Board is *without jurisdiction*, and this claim is dismissed and no further action will be taken by this Board." (Emphasis added).

In holding that this order was final and appealable, the Court of Civil Appeals said:

"In determining that appellant's claim was covered by the Federal Longshoremen's and Harbor Workers' Compensation Act, rather than the State Workmen's

**636**

Compensation Law, the Board necessarily passed upon the facts of the claim. When it decided, from the facts before it, that the Federal and not the State Act applied, it made as final an award against the appellant as it would have made if it had held that the claimant was not injured in the course of his employment * * * We believe the order of the Board was a final award * * *"

■ Petitioner insists that there can be no final order unless the face of the order shows that the Board acted upon the merits of the claim. The cases discussed above do not sustain that position. The Board actually denies a claim by an order that holds clearly and finally, that it is powerless to entertain it at all. A number of cases hold that a Board order is not final so long as it shows that there is something reserved to the Board for further decision. In Kelly v. Industrial Accident Board, 358 S.W.2d 874 (Tex.Civ.App.1962, writ ref.) the Board refused to hold a hearing until the claimant filed a medical report. In Cordova v. Associated Employers Lloyds, 250 S.W.2d 945 (Tex.Civ.App.1952, writ ref.) the court held that the trial court lacked jurisdiction over an appeal from a Board order approving a compromise settlement, because the compromise settlement first had to be set aside in an original proceeding in a court of competent jurisdiction. In Industrial Accident Board of Texas v. Hudson, 246 S.W.2d 715, (Tex. Civ.App.1952, no writ), the Board refused to proceed after it had made an interlocutory order ordering the claimant to submit to an operation.

The distinction between orders in which the Board holds that it is without jurisdiction to act and orders in which the Board refuses to proceed or reserves something for future decision has been recognized and observed by the Board and courts until the recent decisions in *Thompson,* supra, and *Hart,* supra. The Board order in *Hart* is substantially the same as that in the present case except that the *Hart* order lacked

the evidence of finality contained in this additional sentence in the Holt order: "You may consider this the final action of this Board." However, it is our opinion that both *Thompson* and *Hart* failed to distinguish the cases holding that Board orders about jurisdiction may be final whereas Board orders which reserve something for future decision may not be. Neither of those cases considered *Fillmon, Todd, Pearce, Marshall, Brown* or *Verrett.*

In our opinion the better rule is to follow the distinction which has previously been observed by the cases and the one which guided the Board in making its order on the Holt claim. Since this was not a case of the Board's refusal to proceed or one in which it reserved something for future decision, it was a final appealable order. *Thompson* and *Hart* are not in harmony with this rule and are disapproved.

Section 5 of Article 8307 provides that "All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board." Any claim for compensation which comes within the provisions of the Workmen's Compensation Act presents one basic question for decision: is the claimant entitled to the relief sought? The Board has jurisdiction to settle that question and should do so. The finality of Board orders would be clearer and more manifest in such cases as this one if the orders would state: "The claim is not compensable within the provisions of the Workmen's Compensation Act and is denied."

■ Since the order in this case was final and appealable, the whole claim was properly before the court for decision. Texas State Highway Department v. Fillmon, supra; Texas Emp. Ins. Ass'n v. Bradshaw, 27 S.W.2d 314 (Tex.Civ.App.1930, writ ref.). The judgment of the Court of Civil Appeals which reversed the judgment of the trial court and remanded the

cause to the trial court for trial upon the merits is affirmed.

CALVERT, Chief Justice (concurring).

It is unfortunate that the Industrial Accident Board should ever have adopted a practice of refusing to act on claims for compensation for want of jurisdiction or of dismissing them for that reason. The practice has resulted in confusing situations and a confusion of remedies as is so well illustrated by the cases cited and analyzed in the court's opinion in this case, with the proper remedy often made to turn on the peculiar wording of the particular order. But however that may be, there should be no occasion for continuing the confusion.

The Board has jurisdiction of every claim filed seeking benefits under the Texas Workmen's Compensation Act. It has jurisdiction to grant the claim, in whole or in part, and to deny it. If it does not make an award of benefits, it should deny the claim. It should deny the claim if it is of the opinion that the claimant is not entitled to the benefits he seeks, whatever may be its reason for reaching that conclusion.