Walter Edward **JACKSON**, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE ASSO-CIATION**, Appellee.

No. 4478.

Court of Civil Appeals of Texas, Eastland.

June 25, 1971.

Rehearing Denied Sept. 17, 1971.

Second Rehearing Denied Oct. 8, 1971.

Burnett & Childs, Richard J. Clarkson, Odessa, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, Stephen H. Suttle, Abilene, for appellee.

WALTER, Justice.

Walter Jackson originally received an award from the Industrial Accident Board on August 9, 1968. On March 10, 1969, he petitioned the Board to review his award on the grounds that his physical condition had worsened. The Board refused this request and in its order stated: "Evidence filed fails to establish that claimant underwent a change of condition." From this Board's order Jackson appealed.

In the trial court the Insurance Company filed a plea to the jurisdiction and asserted that Jackson's petition before the Board was unsupported by any evidence and did not present to the Board any new matters and therefore failed to invoke the jurisdiction of the Board and it contends that no appeal can be taken under such circumstances. The trial court sustained the plea and Jackson has appealed.

Section 12d of Article 8306, Vernon's Ann.Civ.St. is as follows:

"Upon its own motion or upon the application of any person interested showing a change of condition, mistake or fraud, the Board at any time within the compensation period, may review any award or order, ending, diminishing or increasing compensation previously awarded, within the maximum and minimum provided in this Law, or change or revoke its previous order denying compensation, sending immediately to the parties a copy of its subsequent order or award. Provided, when such previous order has denied compensation, application to review same shall be made to the Board within twelve months after its entry, and not afterward. Review under this Section shall be only upon notice to the parties interested."

The appellee contends the Board did not render an appealable award because Jack-son failed to file medical evidence supporting his claim. In Kelly v. Industrial Accident Board, Tex.Civ.App., 358 S.W.2d 874 (writ ref.) the Court said:

"It is our opinion and we hold that the Board exceeded its statutory authority granted by sec. 4, Art. 8307, V.C.S. in promulgating Rule 5.08(b) requiring the claimant to file with the Board on or before the date of hearing the report of his treating or examining physician or chiropractor, and having exceeded such authority the rule is invalid."

■ We hold that the Board's award was final and appealable. Employers Reinsurance Corporation v. Holt, 410 S.W.2d 633 (Tex.1967).

The judgment of the trial court is reversed and the cause is remanded.

On Motion for Rehearing.

In its motion for rehearing the appellee says: "Moreover, this Court's opinion states that the Appellee contended that the order of the Board declining to review the Appellant's prior award was not appealable because it was not supported by 'medical evidence.' It is respectfully submitted that such contention was not made in Appellee's brief or in its oral argument. To the contrary, Appellee's position on oral argument in response to that question by the Court was that Appellant did not have to hire a doctor or pay for a medical report to show a change of condition. He could do so by simply stating facts which would demonstrate and manifest his having undergone a change of condition. Appellee's contention has consistently been that the Appellant failed to make any showing of a change of condition. The record is clear and conclusive that no evidence whatsoever was presented to the Board showing a change of condition, and that, therefore, the jurisdiction of the Board to review its prior award was never invoked."

We accept as correct its contention set forth in the above quote and any state-

ment made in our opinion to the contrary is withdrawn.

■ In one of his points, appellant contends that since the appellee did not deny under oath that the Board had rendered an appealable award as required by Rule 93, Texas Rules of Civil Procedure, the court erred in granting the insurance company's plea to the jurisdiction.

The rule provides that, if pleaded, the award of the Board shall be presumed to be true and filed in legal time and manner unless it is denied by verified pleadings. No verified denial was made by the appellee. The appellant pleaded: "Plaintiff timely gave notice of injury, filed his claim for compensation, and has complied with all jurisdictional requisites necessary to perfect this appeal from the final ruling and decision of the Industrial Accident Board in Cause Number G–24191."

In the absence of a special exception this was a sufficient pleading of the jurisdictional requisites. We hold that under these circumstances appellee is in no position to complain about the award of the Board.

The appellee's motion for rehearing is overruled.